PERFECTION CORPORATION, Appellee,

v.

TRAVELERS CASUALTY & SURETY ET AL., Appellants.

[Cite as *Perfection Corp. v. Travelers Cas. & Sur.*, 153 Ohio App.3d 28, 2003-Ohio-2750.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 81954.

Decided May 29, 2003.

Janik & Dorman, L.L.P., Ellyn Mehendale, David H. Brown and Andrew J. Dorman; Ulmer & Berne, L.L.P., and John G. Peto, for appellant Acordia of Northeast Ohio.

Frantz Ward, L.L.P., and M. Neal Rains; Swidler, Berlin, Shereff & Friedman, L.L.P., Bernie P. Bell, Larry Eisenstein, Daniel E. Cohen, and William O'Neil, for appellee Perfection Corporation.

E. Mark Young, for defendant American Water Heater.

FRANK D. CELEBREZZE JR., Judge.

{¶ 1} The appellant, Acordia of Ohio, Inc. ("Acordia"), appeals from the judgment of the Cuyahoga County Court of Common Pleas, Civil Division, which granted the motion of appellee, Perfection Corporation ("Perfection"), to compel certain subpoenaed documents and denied Acordia's motion to quash.

{¶ 2} On December 6, 2001, Perfection commenced this action against Acordia in order to subpoena documents from Acordia to be utilized in Perfection's lawsuit against its insurance carriers and various hot-water-tank manufacturers. See *Perfection Corp. v. Travelers Sur. & Cas. Co.* (case No. 00CH4244, pending in Cook County, Illinois); and *A.O. Smith Corp. v. Am. Alternative Ins. Co.* (case No. 99–15646, pending in Orleans Parish, Louisiana).

{¶ 3} On December 24, 2001, Acordia filed its written objections to Perfection's subpoena but did produce certain responsive documents. However, by letter dated February 28, 2002, Acordia identified 20 documents that it refused to produce, asserting attorney-client privilege, anticipation of litigation, and work product. On April 16, 2002, Perfection filed its motion to compel the withheld documents, and on July 24, 2002, the lower court ordered a hearing on the motion. At the hearing, the lower court was provided with the contested documents for an in-camera review.[1] Thereafter, on September 26, 2002, the lower court granted Perfection's motion to compel, directing Acordia to produce the withheld documents.[2]

{¶ 4} The instant matter stems from a previous business relationship between Acordia and Perfection. Perfection is in the business of manufacturing parts used in water heaters manufactured by various companies, while Acordia is in the business of procuring insurance policies on behalf of its clients. In March 1998, Acordia facilitated Perfection's purchase of commercial liability and umbrella liability insurance policies from American Alternative Insurance Company ("AAIC").

{¶ 5} In 1999, this litigation commenced between Perfection and the various water-heater manufacturers, alleging that parts manufactured by Perfection prematurely failed causing the water heaters to malfunction. As litigation commenced, AAIC refused to provide coverage to Perfection, arguing that

---

1. The record reflects that Judge Daniel O. Corrigan was unavailable for the motion to compel hearing; accordingly, the contested documents were submitted to Laura Creed, Staff Attorney for Judge Corrigan, for his review at a later date.

2. The lower court denied Acordia's motion of December 24, 2002, for settlement and approval of the statement of evidence, noting that the in-camera review was conducted by Judge Ralph McAllister, sitting for Judge Corrigan, prior to the issuance of the September 26, 2002 order.

Perfection had committed fraud by failing to adequately report information prior to obtaining insurance coverage. AAIC alleged that Perfection knew of the problems associated with its parts and of the impending litigation prior to obtaining the policies of insurance from AAIC. As a result, also in 1999, litigation commenced between Perfection and AAIC over insurance coverage for the claims made by the water-heater manufacturers.

{¶ 6} Here, Perfection argues that Acordia prepared the application for insurance between Perfection and AAIC. Further, Perfection alleges that it did not review or sign the application for insurance prior to its being submitted to AAIC by Acordia. Therefore, Perfection argues, it needs to obtain discovery of all documents from Acordia concerning the AAIC policy in order to defend itself against AAIC and the allegations of fraud. Perfection also claims the documents are needed to defend itself against Acordia in a similar litigation now pending.

{¶ 7} Acordia presents two assignments of error for this court's review. Acordia's first assignment of error states:

{¶ 8} "I. The trial court improvidently directed Acordia to produce documents prepared for and submitted to its insurance carrier and then to counsel, contrary to Supreme Court of Ohio authority, which deems such communications confidential attorney-client communications."

{¶ 9} Under Ohio law, it is well established that the trial court is vested with broad discretion when it comes to matters of discovery, and the "standard of review for a trial court's discretion in a discovery matter is whether the court abused its discretion." *Mauzy v. Kelly Services, Inc.* (1996), 75 Ohio St.3d 578, 664 N.E.2d 1272. Absent a clear abuse of that discretion, the lower court's decision should not be reversed. *Mobberly v. Hendricks* (1994), 98 Ohio App.3d 839, 845, 649 N.E.2d 1247. Although unusual, appellate courts will reverse a discovery order "when the trial court has erroneously denied or limited discovery." 8 Wright, Miller & Marcus, Federal Practice & Procedure (2d Ed.1994) 92, Section 2006. Thus, "[a]n appellate court will reverse the decision of a trial court that extinguishes a party's right to discovery if the trial court's decision is improvident and affects the discovering party's substantial rights." *Rossman v. Rossman* (1975), 47 Ohio App.2d 103, 110, 1 O.O.3d 206, 352 N.E.2d 149. For a party seeking to overturn the lower court's discovery ruling, the aggrieved party must present evidence that the lower court's actions were "unreasonable, arbitrary, or unconscionable." See *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

{¶ 10} The Ohio Supreme Court has explained:

{¶ 11} " 'An abuse of discretion involves far more than a difference in opinion. The term discretion itself involves the idea of choice, of an exercise of will, of a

determination, made between competing considerations. In order to have an "abuse" in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance thereof, not the exercise of reason but rather of passion or bias.'" Id. at 845–846, 649 N.E.2d 1247, quoting *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 87, 19 OBR 123, 482 N.E.2d 1248.

{¶ 12} We note that the party invoking the protection of the attorney-client privilege must establish the following: "(1) [w]here legal advice of any kind is sought, (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by his legal advisor, (8) except the protection be waived." *Fausek v. White* (C.A.6, 1992), 965 F.2d 126, 129, quoting *Humphreys, Hutcheson & Moseley v. Donovan* (C.A.6, 1985), 755 F.2d 1211, 1219. The attorney-client privilege, where not waived, protects communications relating to a fact of which the attorney was informed by his client, without the presence of strangers, for the purpose of securing primarily either an opinion of law or legal services, or assistance in some legal proceeding, and not for the purpose of committing a crime or tort. *United States v. United Shoe Machinery Corp.* (D.Mass.1950), 89 F.Supp. 357, 358. The purpose of the privilege is to promote "full and frank communications between attorneys and their clients[,] * * * thereby encourag[ing] observance of the law and aid[ing] in the administration of justice." *Commodity Futures Trading Comm. v. Weintraub* (1985), 471 U.S. 343, 348, 105 S.Ct. 1986, 85 L.Ed.2d 372. Accordingly, the party seeking protection under the privilege carries the burden of establishing the existence of that privilege. *Schenet v. Anderson* (E.D.Mich. 1988), 678 F.Supp. 1280, 1282.

{¶ 13} In its first assignment of error, Acordia argues that the lower court erred in ordering Acordia to produce the contested documents to Perfection. Acordia asserts that the attorney-client privilege protects the communications that Acordia submitted to its insurance carrier and that the attorney-client privilege is absolute and encompasses fact information. Last, Acordia alleges that the record fails to indicate that the lower court actually conducted an in-camera review of the disputed documents; therefore, it was an abuse of discretion.

{¶ 14} First, Acordia's assertion that the lower court must affirmatively demonstrate on the record the basis of its determination with regard to the in-camera review is without merit. Absent evidence to the contrary, we presume that the lower court conducted the in-camera review and determined that the material contained in the records was relevant or necessary. See *State v. Gray*

**34**

(June 28, 1995), Hamilton App. No. C–940276, 1995 WL 392509; *State v. Black* (1993), 85 Ohio App.3d 771, 621 N.E.2d 484. There is nothing in the record to indicate that the lower court did not review the contested documents to the extent necessary to make an informed determination, nor has Acordia presented any evidence to the contrary to overcome this presumption. Accordingly, Acordia's argument with regard to the silence of the record is not well taken.

{¶ 15} Next, Acordia contends that the lower court abused its discretion in determining that the contested documents were not protected under the attorney-client privilege. Acordia relies heavily on the decision of the Ohio Supreme Court in *In re Klemann* (1936), 132 Ohio St. 187, 7 O.O. 273, 5 N.E.2d 492, in support of its position. In *Klemann*, the defendant driver injured the plaintiff in an auto accident that occurred during the course of the defendant driver's employment. The defendant driver completed a casualty report concerning the incident and submitted it to his employer. The defendant driver's employer then submitted the casualty report to its insurance company, which in time submitted it to the insurance company's attorney. The injured plaintiff sought production of the casualty report, but the defendants refused asserting the attorney-client privilege protected the document from discovery. In siding with the defendants, the court stated:

{¶ 16} "Where an insurer receives a report from its insured concerning a casualty covered by its policy of insurance, such report becomes the property of the insurer and subject to its complete control; and, *when the insurer transmits it to its counsel for the purpose of preparing a defense against a possible lawsuit growing out of such casualty, such report constitutes a communication from client to attorney and is privileged against production and disclosure * * *.*" (Emphasis added.) Id. at 194, 7 O.O. 273, 5 N.E.2d 492.

{¶ 17} While we concede that, in accordance with *Klemann*, a communication prepared by an insurance carrier and transmitted to its attorney would arguably fall under the protections of the attorney-client privilege, we fail to perceive any similarities between the facts of *Klemann* and the instant matter. Here, Acordia claims that its privilege log explains the general contents of the communications; however, the log fails to provide any evidence that any of the contested documents were either prepared by an attorney, at the direction of an attorney or transmitted to an attorney. Accordingly, we find no application of the attorney-client privilege under the instant scenario or under the expanded coverage unique to *Klemann*.

{¶ 18} Simply, in reviewing the record, Acordia provided no evidence that would indicate that the contested documents were prepared for Acordia's insurer and subsequently transmitted to its attorneys to fall within the protections of the attorney-client privilege. Further, the evidence indicates that the contested

documents were prepared before Acordia notified its insurer of any pending fear of litigation. Therefore, per *Klemann,* "[a] document of the client existing before it was communicated to the attorney is not within the present privilege so as to exempt it from production." Id. at 192, 7 O.O. 273, 5 N.E.2d 492. Moreover, if this court were to follow Acordia's contention, we would be endorsing the premise that any internal document generated by a company would in effect become privileged if later transmitted to an insurer. This misconstrued reading of *Klemann* is without merit because *Klemann* clearly stands for the proposition that the document does not become privileged until it is transmitted to an attorney.

{¶ 19} Accordingly, absent any evidence to the contrary, we cannot conclude that the lower court abused its discretion in denying Acordia's claims of privilege. Therefore, Acordia's first assignment of error is without merit.

{¶ 20} Acordia's second assignment of error states:

{¶ 21} "II. The trial court improvidently disavowed the work-product privilege by ordering Acordia to produce documents it prepared upon learning of the commencement of multiple class actions and disputes over insurance coverage that Acordia assisted in placing."

{¶ 22} Acordia, in its second assignment of error, argues that the lower court abused its discretion in rejecting its claim that the contested documents were prepared in anticipation of litigation and therefore protected under the work-product privilege. For the following reasons, this assignment of error is without merit.

{¶ 23} Under Civ.R. 26(B)(3), a party may obtain discovery of documents and tangible things prepared in anticipation of litigation or for trial by or for another party or that party's representative only upon a showing of good cause thereof. In the context of documents falling under the good-cause rule of Ohio Civ.R. 26(B)(3), the documents sought to be discovered must have been "prepared in anticipation of litigation" and not merely in the ordinary course of business. *Roggelin v. Auto–Owners Ins. Co.,* Lucas App. No. L–02–1038, 2002-Ohio-7310, 2002 WL 31888232, ¶¶ 3, 8. Not all written materials obtained or prepared by an adversary's counsel with an eye toward litigation are necessarily free from discovery in all cases. *Jerome v. A–Best Products Co.,* Cuyahoga App. Nos. 79139, 79140, 79141, and 79142, 2002-Ohio-1824, 2002 WL 664027, ¶ 17.

{¶ 24} We note that none of the contested documents was prepared by an attorney, that none of the documents was prepared at the direction of an attorney, and that the contested documents were prepared almost two years before litigation ensued between the parties. Hence, ordinary fact or "unprivileged fact" work product, such as witness statements and underlying facts,

receives lesser protection than opinion work product. Written or oral information transmitted to the lawyer and recorded as conveyed may be compelled upon showing of "good cause" by the subpoenaing party. Id. at ¶ 21. "Good cause" in Ohio Civ.R. 26(B)(3) requires a showing of substantial need that the information is important in the preparation of the party's case and that there is an inability or difficulty in obtaining the information without undue hardship. Id.

{¶ 25} Here, as noted, none of the contested documents was prepared by an attorney, nor is there any indication that the documents were prepared at the direction of an attorney. Further, the documents were prepared approximately two years prior to any type of litigation commencing against Acordia. In the case at hand, Acordia prepared the contested documents after learning that Perfection was denied insurance coverage by AAIC. AAIC refused to provide coverage, alleging that Perfection committed fraud by failing to adequately report all pertinent information regarding the water-heater malfunctions prior to obtaining the policy of insurance. However, as alleged, Acordia, not Perfection, prepared the documents necessary to obtain the insurance. Therefore, it would stand to reason that Perfection is entitled to those documents in order to fully prepare a defense against the allegations made by AAIC.

{¶ 26} We note that while society has every interest in assuring that legal advice is sought, it, however, has no interest in facilitating the commission of crimes, torts, or frauds. See *United States v. Skeddle* (N.D.Ohio 1997), 989 F.Supp. 890. The privilege cannot stand in the face of countervailing law or strong public policy and should be strictly confined within the narrowest possible limits underlying its purposes. Id. The attorney-client privilege is not an absolute privilege, and it applies only where necessary to achieve its purpose and protects only those communications necessary to obtain legal advice.

{¶ 27} In accordance, we cannot conclude that the contested documents are protected under the attorney-client privilege. The contested documents were prepared internally approximately two years prior to litigation commencing against Acordia. However, the work-product claim requires that there exist a "real and substantial possibility of litigation" at the time the documents were written. *Guy v. United Healthcare Corp.* (S.D.Ohio 1993), 154 F.R.D. 172, 181. Acordia's assertion that it anticipated future litigation as a result of its general business experience is not a basis for invoking a work-product privilege. While the respective authors of the documents may have acted with a general belief that litigation was a possibility, such a vague belief is insufficient to satisfy the standard. Id.

{¶ 28} Further, the contested documents were not prepared by an attorney or at the direction of an attorney. Material prepared by nonattorneys, even if prepared in anticipation of ligation, is protected from discovery only where the

material is prepared exclusively and in specific response to imminent litigation. *Occidental Chem. Corp. v. OHM Remediation Serv. Corp.* (W.D.N.Y.1997), 175 F.R.D. 431, 435.

{¶ 29} Here, the record reflects that Acordia facilitated the placement of insurance between AAIC and Perfection. Acordia prepared the documents and placed the insurance policy on behalf of Perfection. Clearly, Perfection is entitled to documents necessary to defend itself against allegations of fraud and misrepresentation brought by AAIC in placing said insurance policy, especially in light of the fact that Acordia, not Perfection, completed the necessary documentation for obtaining the insurance policy. As stated, the privilege cannot stand in the face of countervailing law or strong public policy, nor can the privilege be invoked to cloak and facilitate the commission of a fraud or misrepresentation in placing the insurance policy with AAIC. Further, as stated, material prepared by nonattorneys is protected only when prepared in response to "imminent litigation." Id.

{¶ 30} Therefore, we find Acordia's appeal to be without merit. The lower court conducted an in-camera review of the contested documents and determined that Perfection was entitled to production. Here, in reviewing the record, we cannot conclude that the lower court's determination was "unreasonable, arbitrary, or unconscionable." Further, as stated, the rules of discovery and privilege are not to be utilized as means of facilitating the commission of alleged crimes, torts, or frauds—allegations put forth in the instant matter.

Judgment affirmed.

DIANE KARPINSKI and ANTHONY O. CALABRESE JR., JJ., concur.