[Cite as *Nageotte v. Boston Mills Brandywine Ski Resort*, 2012-Ohio-6102.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

MEGAN NAGEOTTE

     Appellee

     v.

BOSTON MILLS BRANDYWINE SKI
RESORT, et al.

     Appellants

C.A. No.     26563

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2012 01 0175

DECISION AND JOURNAL ENTRY

Dated: December 26, 2012

BELFANCE, Judge.

{¶1} Defendants-Appellants Brandywine Ski Resort, Inc. ("Brandywine") and Raymond Conde appeal from the order of the Summit County Court of Common Pleas which directed Brandywine and Mr. Conde to produce the witness statements of Mr. Conde. For the reasons set forth below, we affirm.

I.

{¶2} On January 15, 2010, Plaintiff-Appellee Megan Nageotte went to Brandywine to go skiing. As she was "utilizing a tramway tow-rope, attempting to disembark, * * * her hand was caused to be pulled into the tramway tow-rope wheel [(bullwheel),] lifting her off of the ground and propelling her around the entire length of the tow-rope wheel, * * * causing serious and lasting personal injuries * * * ." On January 10, 2012, Ms. Nageotte filed a multi-count complaint against Boston Mills Brandywine Ski Resort, Brandywine Ski Resort, Boston Mills Ski Resort, Boston Mills Ski Resort, Inc., Mr. Conde, in his capacity as an employee, John Doe

employees 1-5, John Doe individuals 1-5, and John Doe entities 1-5, which included several counts alleging negligence of the Defendants. Subsequently, Ms. Nageotte sought leave to file an amended complaint, which was unopposed, to consolidate the ski-resort defendants to a single defendant: Brandywine Ski Resort, Inc. Her motion was ultimately granted.

{¶3} The matter proceeded to discovery, at which point the Defendants refused to produce witness statements of Mr. Conde, asserting both attorney-client privilege and the work-product doctrine. Ms. Nageotte filed a motion to compel and/or request for an in-camera inspection and extensive briefing by both sides followed. No hearing was held on the issue. The trial court concluded that neither the work-product doctrine nor the attorney-client privilege applied and granted the motion to compel.

{¶4} Brandywine and Mr. Conde have appealed the trial court's ruling with respect to the issue of attorney-client privilege but not the application of the work-product doctrine. Ms. Nageotte filed a motion to dismiss this appeal, asserting that this Court lacked jurisdiction; however, we subsequently denied her motion and see no reason to revisit that ruling.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN GRANTING PLAINTIFF-APPELLEE'S MOTION TO COMPEL THE PRODUCTION OF STATEMENTS OF DEFENDANT-APPELLANT, RAYMOND CONDE, AS THE ATTORNEY-CLIENT PRIVILEGE PROTECTS THE DISCLOSURE OF THESE STATEMENTS.

{¶5} Brandywine and Mr. Conde assert in their sole assignment of error that the trial court erred in concluding that the attorney-client privilege did not apply to protect disclosure of Mr. Conde's witness statements. Because we conclude that the trial court did not err in determining that Brandywine and Mr. Conde failed to meet their burden, we affirm its ruling.

{¶6} "Although, generally, discovery orders are reviewed under an abuse-of-discretion standard, the Supreme Court of Ohio has concluded that the issue of whether the information sought is confidential and privileged from disclosure is a question of law that should be reviewed de novo." *Ward v. Summa Health Sys.*, 184 Ohio App.3d 254, 2009-Ohio-4859, ¶ 11 (9th Dist.). "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action * * * ." Civ.R. 26(B)(1).

{¶7} "In Ohio, the attorney-client privilege is governed by statute, R.C. 2317.02(A), and in cases that are not addressed in R.C. 2317.02(A), by common law." (Internal quotations and citations omitted.) *State ex. rel. Toledo Blade Co. v. Toledo-Lucas Cty. Port. Auth.*, 121 Ohio St.3d 537, 2009-Ohio-1767, ¶ 24.

> R.C. 2317.02(A), by its very terms, is a mere testimonial privilege precluding an attorney from testifying about confidential communications. The common-law attorney-client privilege, however, reaches far beyond a proscription against testimonial speech. The privilege protects against any dissemination of information obtained in the confidential relationship.

(Internal quotations and citations omitted.) *Id.*

{¶8} Thus, as Ms. Nageotte seeks discovery of Mr. Conde's witness statements, the question is whether the common-law attorney-client privilege applies. "[T]he party seeking protection under the privilege carries the burden of establishing the existence of that privilege." *Perfection Corp. v. Travelers Cas. & Sur.*, 153 Ohio App.3d 28, 2003-Ohio-2750, ¶ 12 (8th Dist.); *see also Grace v. Mastruserio,* 182 Ohio App.3d 243, 2007-Ohio-3942, ¶ 19 (1st Dist.), citing *Lemley v. Kaiser,* 6 Ohio St.3d 258, 263-264 (1983). At issue in this case is whether appellants met their burden to establish the existence of the privilege.

> The common-law attorney-client privilege applies (1) [w]here legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client,

(6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived.

(Internal quotations and citations omitted.) *Grace* at ¶ 19; *Perfection Corp.* at ¶ 12.

**{¶9}** Ms. Nageotte sought the witness statements of Mr. Conde because Mr. Conde was working at the top of the slope where Ms. Nageotte was injured. Further, Ms. Nageotte believes that Mr. Conde failed to press an emergency stop button or otherwise prevent Ms. Nageotte's injuries. Brandywine and Mr. Conde assert that Mr. Conde's witness statements are protected by the attorney-client privilege because the statements were at some point provided to Brandywine's and Mr. Conde's attorney. Brandywine and Mr. Conde submitted the affidavit of their attorney, who averred that he is the attorney representing the defendant in the action and that Brandywine and its liability insurer provided him with Mr. Conde's witness statements "for the purpose of defending this action." In addition, Brandywine and Mr. Conde relied on portions of the deposition of Michael March, who is the supervisor of the lifts at Brandywine Ski Resort. A large portion of Mr. March's deposition was filed in this case, including some portions filed with Ms. Nageotte's motion to compel.

**{¶10}** Mr. March testified that: (1) the ski patrol, an all-volunteer organization, typically obtains witness statements; (2) Mr. March typically reviews those witness statements; (3) the witness statements are obtained and preserved as a part of Brandywine's insurance program; (4) the statements are turned over to the insurance carrier if there is a claim made; and (5) the witness statements are turned over to counsel if necessary to defend against any litigation. Mr. March agreed during his deposition that part of his job was to take witness statements to understand what happened and that Brandywine would want to understand what happened when someone was injured irrespective of whether the person filed a claim.

**{¶11}** "In order for a document to constitute a privileged communication, it is essential that it be brought into being *primarily as a communication to the attorney.*" (Emphasis added.) *In re Klemann*, 132 Ohio St. 187, 192 (1936). "A document of the client existing before it was communicated to the attorney is not within the present privilege so as to be exempt from production. But a document which has come into existence as a communication to the attorney, being itself a communication, is within the present privilege." (Emphasis omitted.) (Internal quotations and citations omitted.) *Id. See also In re Story*, 159 Ohio St. 144, 147 (1953) (noting that, in some instances, reports and records, which according to custom are turned over and remain in possession of attorney, are privileged communications); *In re Keough*, 151 Ohio St. 307 (1949), paragraph two of the syllabus.

**{¶12}** In addition, "[o]therwise discoverable information cannot be made privileged by merely turning it over to an attorney." *Harpster v. Advanced Elastomer Sys., L.P.,* 9th Dist. No. 22684, 2005-Ohio-6919, ¶ 14. There is evidence in the record that indicates the statements at issue were not brought into being primarily as a communication to the parties' attorney and that the document existed before it was communicated to the attorney and was not prepared at the direction of the attorney. *See id.* Shortly after the incident, Mr. March began to take witness statements. He agreed during his deposition that part of his job was to take witness statements to understand what happened and that Brandywine would want to understand what happened when someone was injured irrespective of whether the person filed a claim. Moreover, he agreed that, at the time the witness statements were made, he did not know a claim or lawsuit was coming. Further, it is unclear when the statements were handed over to the insurance company and the attorney.

{¶13} Moreover, we cannot say that the trial court erred in concluding that Brandywine failed to meet its burden. It is not clear whether the witness statements at issue were in fact confidential. *See Grace,* 182 Ohio App.3d 243, 2007-Ohio-3942, at ¶ 19. It is not evident from the materials provided what the circumstances were under which Mr. Conde's witness statements were taken, how many witness statements were taken, or who in fact took the statements.[1] For instance, it is unclear whether Mr. Conde gave his statement with just Mr. March present or in the presence of other people. Thus, the trial court was not presented with evidence that the witness statements at issue were confidential. If the statements were not confidential, the attorney-client privilege would not apply. *See Grace* at ¶ 19; *Perfection Corp.,* 153 Ohio App.3d 243, 2003-Ohio-2750, at ¶ 12.

{¶14} Accordingly, we conclude the trial court did not err in concluding that the witness statements were not protected from discovery by the attorney-client privilege in light of the evidence presented by Brandywine and Mr. Conde. Brandywine's and Mr. Conde's assignment of error is overruled.

III.

{¶15} In light of the foregoing, the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

---

There were reasonable grounds for this appeal.

---

[1] Mr. March's deposition seems to indicate that he took at least one of Mr. Conde's witness statements; however, Mr. March's testimony also evidences that ski patrol is typically responsible for taking witness statements.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

_____
EVE V. BELFANCE
FOR THE COURT

MOORE, P. J.
DICKINSON, J.
CONCUR.

APPEARANCES:

JEFREY M. ELZEER, Attorney at Law, for Appellants.

MARK J. OBRAL and THOMAS J. SILK, Attorneys at Law, for Appellee.