[Cite as *Clinical Technology, Inc. v. NeuroTherm, Inc.*, 2013-Ohio-3739.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 99745

## CLINICAL TECHNOLOGY, INC.

PLAINTIFF-APPELLEE

vs.

## NEUROTHERM, INC.

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-789859

**BEFORE:**   E.A. Gallagher, J., Jones, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**     August 29, 2013

**ATTORNEYS FOR APPELLANT**

Matthew Mendoza
Mitchell G. Blair
Matthew A. Chiricosta
Calfee, Halter & Griswold L.L.P.
The Calfee Building
1405 East Sixth Street
Cleveland, OH    44114

**ATTORNEYS FOR APPELLEE**

Jeremy Gilman
Matthew D. Gurbach
Lori H. Welker
Benesch, Friedlander, Coplan & Aronoff
200 Public Square
Suite 2300
Cleveland, OH    44114-2378

EILEEN A. GALLAGHER, J.:

{¶1} Defendant-appellant, NeuroTherm Inc., appeals the order of the Cuyahoga County Court of Common Pleas granting a motion to compel discovery filed by plaintiff-appellee, Clinical Technology, Inc., and denying NeuroTherm's own motion for a protective order regarding the same document. For the reasons stated herein, we affirm.

{¶2} Clinical Technology, Inc. ("C.T.I.") filed a complaint against NeuroTherm on August 22, 2012 alleging that NeuroTherm had failed to pay a sales commission due and owing to C.T.I. C.T.I. filed an amended complaint on November 6, 2012 further asserting that NeuroTherm orchestrated the defection of certain C.T.I. sales representatives and misappropriated C.T.I. trade secrets. The catalyst of the dispute between C.T.I. and NeuroTherm surrounded C.T.I. vice president Dominic Verrilli III resigning from C.T.I. to join NeuroTherm in February 2011. In connection with the departure of Verrilli and other sales staff, C.T.I. asserted claims including misappropriation of trade secrets, tortious interference with contracts, tortious interference with business relations, civil conspiracy and aiding and abetting. NeuroTherm answered and filed a counterclaim asserting breach of contract and an action on account.

{¶3} During the course of discovery, it was learned that in February 2011 NeuroTherm CEO Laurence Hicks asked Verrilli to prepare a narrative, chronological summary (the "Verrilli timeline") of the events leading to his departure from C.T.I. and

his joining NeuroTherm. On March 6, 2013 the trial court conducted a pretrial concerning a discovery dispute regarding the Verrilli timeline and ordered the parties to submit briefs on the matter. On March 14, 2013 C.T.I. filed a motion to compel the production of the timeline and NeuroTherm filed a motion for a protective order regarding the document. On March 20, 2013 the trial court issued a journal entry granting C.T.I.'s motion to compel and denying NeuroTherm's motion for a protective order. This appeal followed.

{¶4} NeuroTherm argues in its sole assignment of error that the trial court abused its discretion in denying its motion for a protective order and granting C.T.I.'s motion to compel. We review a trial court's ruling on a motion to compel for an abuse of discretion. *Wolk v. Paino*, 8th Dist. Cuyahoga No. 93095, 2010-Ohio-1755, ¶ 19, citing *DeMeo v. Provident Bank*, 8th Dist. Cuyahoga No. 89442, 2008-Ohio-2936. The same standard applies to our review of a trial court's decision to deny a motion for a protective order. *Scanlon v. Scanlon*, 8th Dist. Nos. 99028 and 99052, 2013-Ohio-2694, ¶ 24. An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 404 N.E.2d 144 (1980).

{¶5} NeuroTherm argues that the Verrilli timeline is protected from discovery under the work-product privilege found in Civ.R. 26(B)(3) which states in relevant part:

a party may obtain discovery of documents, electronically stored

information and tangible things prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing of good cause therefor.

**{¶6}** The burden of showing that a document is confidential or privileged rests with the party seeking to exclude it. *Li v. Olympic Steel, Inc.*, 8th Dist. Cuyahoga No. 97286, 2012-Ohio-603, ¶ 9. The work-product claim requires that there exist a "real and substantial possibility of litigation" at the time the documents were written. *Perfection Corp. v. Travelers Cas. & Sur.*, 153 Ohio App.3d 28, 2003-Ohio-3358, 790 N.E.2d 817, ¶ 27, (8th Dist.). This court has held that the work-product privilege may not be invoked based on mere anticipation of future litigation as a result of general business experience or a general belief that litigation is a possibility. *Id.*

**{¶7}** Furthermore, "[m]aterial prepared by nonattorneys, even if prepared in anticipation of ligation, is protected from discovery only where the material is prepared exclusively and in specific response to imminent litigation." *Id.* at ¶ 27, citing *Occidental Chem. Corp. v. OHM Remediation Serv. Corp.*, 175 F.R.D. 431, 435 (W.D.N.Y.1997).

**{¶8}** In the present case, the Verrilli timeline was not prepared by an attorney or at the direction of an attorney. The timeline was prepared roughly a year and a half before litigation ensued. In an affidavit attached in support of NeuroTherm's motion for protective order, NeuroTherm CEO Laurence Hicks averred that based on communications exchanged with C.T.I. President Dennis Forchione and his son Jason

Forchione, Hicks perceived C.T.I. to be angry with NeuroTherm over Dominic Verrilli and other former C.T.I. employees joining NeuroTherm. Based solely upon this perceived anger, Hicks averred that he believed litigation was imminent and, therefore, instructed Dominic Verrilli to prepare the Verrilli timeline.

{¶9} The above facts fail to demonstrate a "real and substantial possibility of litigation" or that the Verrilli timeline was prepared "in specific response to imminent litigation" as contemplated by this court in *Perfection Corp. v. Travelers Cas. & Sur*. Though Hicks may have perceived anger from C.T.I., anger, by itself, is not a basis for litigation. Hicks fails to offer an explanation for why he reasonably believed the perceived anger would translate to litigation. In light of the present record we cannot conclude that the trial court abused its discretion in granting C.T.I.'s motion to compel and denying NeuroTherm's motion for a protective order.

{¶10} Appellant's sole assignment of error is overruled.

{¶11} The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN A. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
SEAN C. GALLAGHER, J., CONCUR