[Cite as *Condominiums at Stonebridge Owner's Assn., Inc. v. K&D Group, Inc.*, 2014-Ohio-503.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
## No. 100261

# CONDOMINIUMS AT STONEBRIDGE OWNERS' ASSOCIATION, INC.

PLAINTIFF-APPELLEE

vs.

# K&D GROUP, INC., ET AL.

DEFENDANTS-APPELLANTS

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CV-771554 and CV-802148

**BEFORE:** Kilbane, J., Keough, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** February 13, 2014

**ATTORNEYS FOR APPELLANTS**

Christine M. Garritano
Roetzel & Andress, L.P.A.
1375 East Ninth Street
One Cleveland Center - 9th Floor
Cleveland, Ohio 44114

Thomas L. Rosenberg
Roetzel & Andress, L.P.A.
PNC Center, 12th Floor
155 East Broad Street
Columbus, Ohio 43215


**ATTORNEYS FOR APPELLEES**

Audra Zarlenga
Martin J. Mackowski
Thompson Hine, L.L.P.
3900 Key Center
127 Public Square
Cleveland, Ohio 43215

Richard C. Haber
Andrew A. Kabat
Haber, Polk & Kabat, L.L.P.
737 Bolivar Road
Suite 4400
Cleveland, Ohio 44115

MARY EILEEN KILBANE, J.:

{¶1} Defendants-appellants, the K&D Group, Inc. ("K&D"), Stonebridge Building & Design, the Condominiums at Stonebridge, Ltd., and Stonebridge Towers, Ltd. (collectively referred to as "defendants"), appeal from the trial court's judgment entry denying their motion for a protective order. For the reasons set forth below, we affirm.

{¶2} In December 2011, the plaintiff-appellee, The Condominiums at Stonebridge Owners' Association, Inc. ("Owners' Association") filed an action against the defendants alleging causes of action for negligence, fraud, breach of fiduciary duty, and an accounting for defendants' failure to repair construction defects causing repeated water infiltration into their condominiums. Defendants tendered this lawsuit to their insurer, Cincinnati Insurance Company ("Cincinnati"), requesting indemnity and a defense. Cincinnati provided a defense, under a reservation of rights, by retaining the Reminger law firm.[1]

{¶3} In February 2013, Cincinnati filed a declaratory judgment action, in a separate lawsuit, against the defendants and the Owners' Association, seeking a declaration that it does not owe its policyholders coverage for the damages claimed by the

[1]The Reminger law firm was later replaced by the Roetzel & Andress law firm in May 2013.

Owners' Association.[2]   As part of its discovery in the declaratory judgment action, defendants propounded discovery requests to Cincinnati, seeking the entire Cincinnati claim file, including all correspondence and coverage opinions, and all communication between Cincinnati and "any attorney, including your in-house and outside counsel" concerning the Owners' Association lawsuit.   In response to that discovery request, on June 24, 2013, Cincinnati produced a five-page letter, dated March 13, 2013, from K&D's privately retained counsel in the declaratory judgment action, Jeffrey Lauderdale, to John Farnan, Cincinnati's trial counsel in the declaratory judgment action (the "Lauderdale letter").   The letter discussed concerns defendants had about the defense provided by Cincinnati in the Owners' Association action, and Cincinnati's duty to provide K&D with a defense.

{¶4}   In accordance with Civ.R. 5(A), the Lauderdale letter was sent to the defendants, as well as all the other parties in the declaratory judgment action, including the Owners' Association.   Subsequently, on July 25, 2013, defendants filed an "emergency motion for protective order requiring [the Owners' Association] to return defendants' inadvertently produced, attorney-client privileged communications and prohibiting disclosure and/or use of defendants' privileged communications, with request for expedited ruling."   The defendants filed a copy of the Lauderdale letter under seal, as an exhibit to their motion.

---

[2] The Cincinnati declaratory judgment action was consolidated with the Owners' Association action in April 2013.

{¶5} In their motion, defendants requested that the trial court issue a protective order under Civ.R. 26(B)(6)(b) and (C), prohibiting the Owners' Association from disclosing or otherwise using any information in the Lauderdale letter, and requiring the Owners' Association to return the Lauderdale letter, which defendants claimed was an inadvertently produced, attorney-client privileged letter between defendants and their insurer, Cincinnati. The Owners' Association opposed the motion, arguing that the Lauderdale letter was not privileged.

{¶6} On August 12, 2013, the trial court denied defendants' motion. In a detailed opinion, the trial court found that the Lauderdale letter is not an attorney-client privileged communication. The court stated:

> [T]he discovery request was made by K&D in a lawsuit where it is a defendant and Cincinnati is the plaintiff. In that lawsuit, K&D's interest and Cincinnati's are clearly not aligned: Cincinnati claims it should not have to pay for K&D's defense in this case or for any damages that might be awarded against K&D here. The letter that K&D claims as privileged is a letter from its counsel to plaintiff Cincinnati's trial counsel. The letter is adversarial: K&D demands that Cincinnati do more to provide a defense in this case. In support of the demand, K&D's counsel describes some deficiencies that he perceives in the defense provided to date.
>
> There is nothing about the [Lauderdale] letter that supports a claim that it is a communication made to an attorney by a client or which contains an attorney's advice to a client. It is simply not a communication from K&D to its attorney. And to the extent it reveals, by inference, Lauderdale's advice to [K&D] — to push Cincinnati to provide extra resources for a defense — then any privilege can be deemed, also by inference, to be waived by virtue of being voluntarily revealed to Cincinnati's counsel.

{¶7} It is from this order that defendants appeal, raising the following two assignments of error for review.

## Assignment of Error One

The trial court erred in holding that the March 13, 2013 communication between [defendants] and their insurer regarding the defense of the [defendants] in the underlying construction lawsuit filed by the [Owners'] Association was not a privileged communication.

## Assignment of Error Two

The trial court erred by failing to require plaintiff to return or destroy the [Lauderdale] letter and by failing to fashion an appropriate remedy for the improper disclosure of the letter to witnesses controlled by the [Owners'] Association.

## Motion for Protective Order

{¶8} In the first assignment of error, defendants argue that the trial court erred by denying its motion for protective order because the Lauderdale letter is a privileged communication between an insured and its liability insurer.[3]

{¶9} "Ordinarily, a discovery dispute is reviewed under an abuse-of-discretion standard. *Tracy v. Merrell Dow Pharmaceuticals, Inc.*, 58 Ohio St.3d 147, 151-152, 569 N.E.2d 875 (1991). However, if the discovery issue involves an alleged privilege, as in this case, it is a question of law that must be reviewed de novo. *Med. Mut. of Ohio v.*

---

[3]We note that the Owners' Association filed an emergency motion to dismiss this appeal for lack of final appealable order in August 2013, which was denied by this court. The Owners' Association argued that because it stipulated not to use the Lauderdale letter at trial, any damage suffered by K&D is "no more curable by an immediate appeal than by an appeal after final judgment." The Owners' Association renewed its motion to dismiss in its appellate brief. While the Owners' Association did stipulate to not use the Lauderdale letter in the trial proceedings, the Owners' Association is still in possession of the letter. Civ.R. 26(B)(6)(b) requires that the "receiving party must promptly return, sequester, or destroy the specified information and any copies within the party's possession, custody or control." Therefore, the appeal is not moot and this court has jurisdiction to hear the appeal.

*Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237." *Ward v. Summa Health Sys.*, 128 Ohio St.3d 212, 2010-Ohio-6275, 943 N.E.2d 514, ¶ 13. *See also Bailey v. Manor Care of Mayfield Hts.*, 8th Dist. Cuyahoga No. 99798, 2013-Ohio-4927.

{¶10} Defendants argue that the attorney-client privilege applies to communications between an insured and its insurer when those communications are predominately intended to further the defense of claims for which the insurer is defending the insured. Defendants claim the sole purpose of the Lauderdale letter "was to request that [Cincinnati] put forth additional resources toward the defense of [defendants] for claims asserted against them by the [Owners'] Association." The Owners' Association argues that the letter is not privileged because its predominate purpose was to assert that Cincinnati was failing to meet its coverage obligations to defendants, not to seek legal advice. The Owners' Association claims that the Lauderdale letter is a communication between adversaries in active litigation. We agree.

{¶11} "'In Ohio, the attorney-client privilege is governed both by statute, R.C. 2317.02(A), which provides a testimonial privilege, and by common law, which broadly protects against any dissemination of information obtained in the confidential attorney-client relationship.' *Dawson* [*v. Bloom-Carroll Local Sch. Dist.*], 131 Ohio St.3d 10, 2011-Ohio-6009, 959 N.E.2d 524, ¶ 27." *State ex rel. Lanham v. DeWine*, 135 Ohio St.3d 191, 2013-Ohio-199, 985 N.E.2d 467. Under the attorney-client privilege, where legal advice of any kind is sought from a professional legal adviser in his capacity as such, the communications relating to that purpose, made in confidence by the client,

are at his instance permanently protected from disclosure by himself or by the legal adviser, unless the protection is waived. *State ex rel. Leslie v. Ohio Hous. Fin. Agency*, 105 Ohio St.3d 261, 2005-Ohio-1508, 824 N.E.2d 990, ¶ 21, citing *Reed v. Baxter*, 134 F.3d 351 (C.A.6, 1998) and *Perfection Corp. v. Travelers Cas. & Sur.*, 153 Ohio App.3d 28, 2003-Ohio-3358, 790 N.E.2d 817 (8th Dist.).

{¶12} In the instant case, defendants made a discovery request in the declaratory judgment action in which it is the defendant and Cincinnati is the plaintiff. Defendants' interest and Cincinnati's are not aligned in the declaratory judgment action. Cincinnati instituted the declaratory judgment action, seeking a declaration that it should not pay for defendants' defense or for any damages that might be awarded in the Owners' Association action. The letter that defendants claim as privileged is a letter from its retained counsel to plaintiff-Cincinnati's trial counsel in the declaratory judgment action.

{¶13} The trial court found that the Lauderdale letter is adversarial and there was nothing about the Lauderdale letter that supports a claim that it is a communication made to an attorney by a client or which contains an attorney's advice to a client. We agree with the trial court. The Lauderdale letter discusses concerns defendants had about the defense provided by Cincinnati in the Owners' Association action, including specific concerns about Cincinnati's selection of counsel to represent defendants. Defendants demanded that Cincinnati act in good faith and provide a better defense in the Owners' Association action. Two months later, when K&D filed its answer and counterclaim in the declaratory judgment action, it alleged seven causes of action, including the breach of

Cincinnati's contractual duty to defend K&D. Thus, based on the facts of the instant case, the Lauderdale letter is not a privileged attorney-client communication.

{¶14} Defendants further argue that the "common interest" doctrine applies to protect the Lauderdale letter as privileged because "the purpose of the [letter] is solely to advance and promote the defense of [the defendants] in the litigation brought by the [Owners'] Association."

{¶15} We note that the common interest doctrine operates as an exception to the general rule that disclosure of privileged materials to a third party waives the privilege. This exception typically arises when parties "'are either represented by the same attorney or are individually represented, but have the same goal in litigation.'" *William F. Shea, LLC v. Bonutti Research, Inc.*, S.D.Ohio No. 2:10-CV-615, 2013 U.S. Dist. LEXIS 48819, *5-6 (Apr. 4, 2013), quoting *Cooey v. Strickland*, 269 F.R.D. 643, 652 (S.D.Ohio 2010).

> The common interest doctrine is an extension of the attorney-client privilege and work product doctrine. It is not an independent source of privilege or confidentiality. *Bitler Inv. Venture II, LLC v. Marathon Ashland Petro. LLC*, No. 1:04-cv-477, 2007 U.S. Dist. LEXIS 9231, 2007 WL 465444 *2 (N.D.Ind. Feb. 7, 2007). If a communication or document is not otherwise protected by the attorney-client privilege or work product doctrine, the common interest doctrine has no application.

*In re Commer. Money Ctr., Inc.*, 248 F.R.D. 532, 536 (N.D. Ohio 2008). *See also MA Equip. Leasing I, LLC v. Tilton*, 10th Dist. Franklin Nos. 12AP-564 and 12AP-586, 2012-Ohio-4668 (where the Tenth District Court of Appeals stated that the "common interest" rationale "presuppose[s] the existence of an otherwise valid privilege." *Id.* at ¶

26, citing *FSP Stallion 1, LLC v. Luce*, D.Nev. No. 2:08-CV-01155-PMP-PAL, 2010 U.S. Dist. LEXIS 110617 (Sept. 30, 2010)).

{¶16} In the instant case, the common interest doctrine does not apply because, as we stated above, the Lauderdale letter is not privileged. Even if the doctrine were to apply, defendants have not satisfied its requirements because the defendants and Cincinnati are opposing parties in the declaratory judgment action, and it was defendants who sought production of the communications, which included the Lauderdale letter. The letter was not sent to advance the common interest of defending against claims brought by the Owners' Association. Rather, it was sent to assert Cincinnati's failure to meet its contractual obligation to defend and request that Cincinnati employ additional resources in its defense. Therefore, it cannot be said that the defendants and Cincinnati "have the same goal in the litigation."

{¶17} Accordingly, the first assignment of error is overruled.

{¶18} In the second assignment of error, defendants, relying on Civ.R. 26(B)(6)(b), argue that the Owners' Association should return the Lauderdale letter and be precluded from calling to testify at trial witnesses who received the letter.[4] However,

---

[4]Civ.R. 26(B)(6)(b) provides in pertinent part:

[u]nless otherwise ordered by the court in accordance with these rules, the scope of discovery is as follows: * * * If information is produced in discovery that is subject to a claim of privilege or of protection as trial preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a receiving party must promptly return, sequester, or destroy the specified information and any copies within the party's possession, custody or control. A party may not use or disclose the

based on our finding in the first assignment of error — the Lauderdale letter is not a privileged communication — there was no basis for the trial court to restrict its use under Civ.R. 26(B)(6)(b).

{¶19} Accordingly, the second assignment of error is overruled.

{¶20} Judgment is affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
EILEEN T. GALLAGHER, J., CONCUR

information until the claim is resolved.

KEYWORDS:

Motion for protective order; Civ.R. 26; attorney-client privilege; insured; insurer; opposing parties; declaratory judgment. Trial court's judgment denying defendants' motion for protective order affirmed. The letter at issue was not a privileged communication when the letter was from defendants' retained counsel to its insurer's trial counsel in the declaratory judgment action by defendants' insurer. The letter was adversarial as defendants demanded that its insurer do more to provide a defense in the underlying liability action. There was nothing about the letter that supports a claim that it is a communication made to an attorney by a client or which contains an attorney's advice to a client.