[Cite as *White v. Dept. of Rehab. & Corr.*, 2019-Ohio-472.]

| | |
|---|---|
| JOHN L. WHITE | Case No. 2018-00762PQ |
| Requester | Judge Patrick M. McGrath |
| v. | DECISION MODIFYING AND ADOPTING RECOMMENDATION OF SPECIAL MASTER |
| DEPARTMENT OF REHABILITATION AND CORRECTION | |
| Respondent | |

{¶1} Pursuant to R.C. 2743.75(F)(2), the court modifies and adopts the special master's report and recommendation (R&R) issued on November 26, 2018.

## I. Background and Procedural History

{¶2} On April 25, 2018, requester John L. White sent a letter to respondent Department of Rehabilitation and Correction (DRC), "making 23 public records requests." (R&R, 1.) Six days later, on May 1, 2018, White sued DRC, alleging a denial of access to public records. (R&R, 1.) During mediation DRC provided White "with nearly six thousand pages of records, with explanations and legal authority for the few dozen pages which contained redactions." (R&R, 1.)

{¶3} After the special master reviewed *in camera* certain documents, the special master issued a R&R on November 26, 2018. The special master "found that DRC has failed to meet its burden to prove by clear and convincing evidence that any other material meets all the factors of common-law attorney client privilege." (R&R, 8.) The special master recommended that the court grant requester's claim for relief for partial production of the withheld records as detailed above, and deny the remaining claims. It was also recommended that costs be assessed to requester "[b]ecause the claim was filed prematurely, and the vast majority of requests were either withdrawn or satisfied within a reasonable period of time." (R&R, 9.) In the R&R, the special master included

a table outlining whether certain content was protected by attorney-client privilege. (R&R, 6-8.)

{¶4} The court forwarded a copy of the R&R to White and to DRC's counsel by certified mail on November 27, 2018.  According to the court's records, DRC received a copy of the R&R on December 3, 2018.  Seven business days later—on December 12, 2018—DRC, through counsel, filed objections to the special master's R&R, with DRC's counsel certifying that he sent a copy of its objections to White by certified mail.

{¶5} DRC asserts in its objections of December 12, 2018, that "the R&R on attorney-client privilege is contrary to law and facts and does not consider [DRC's] Supplemental Sur-Reply ('SS-R')."  (Objections, 1.)  DRC asks the court to "adopt in part (i.e., 'assessment of court costs' against Requester and finding two paragraphs 'constitute A-C legal opinion') and reject in part, the Special Master's Report and Recommendation based on * * * errors relative to the Special Master's findings of fact and conclusions of law, independently review the objected matters, find * * * records are privileged attorney-client communications, and sustain Respondent's objections to the Special Master's Report and Recommendation.  Special Master's recommendation for full production of the withheld documents except for two paragraphs should not be adopted."  (Memorandum, 14.)

{¶6} In his response, White maintains that "the correct law was applied and there is no error on the face of the award, so ODRC's objections should be denied." (Response, at paragraph 16.)  White also discusses "the sanction imposed upon him by the [special master]."  (Response, at paragraph 22.)  White states that he "will pay the sanction ordered in the Report and Recommendation if it is upheld in full."  (Response, at paragraph 23.)  Nonetheless, White maintains that the special master "was incorrect about the timing and history of the subject Public Records Request ('PRR')," but White concedes that, to some extent, it is his "fault for not making clear the history of his PRR

and addressing ODRC's repeated mischaracterization of the timing of [his] initial request for public records under the OPRA law.

## II. Law and Analysis

{¶7} R.C. 2743.75(F)(2) governs objections to a report and recommendation issued by a special master of this court relative to a public-records dispute.

{¶8} The court finds that both DRC's objections to the R&R and White's response to DRC's objections are timely.

## A. Whether the special master's recommendation concerning attorney-client privilege is contrary to law and the facts.

{¶9} By its December 12, 2018 objections DRC contends that the special master's recommendation concerning attorney-client privilege is contrary to law and the facts of this case. DRC essentially asks the court to conclude that material that the special master found not to be protected by attorney-client privilege is protected by attorney-client privilege.

{¶10} The Ohio Supreme Court has held that relators in mandamus cases "must prove their entitlement to the writ by clear and convincing evidence." *State ex rel. Doner v. Zody*, 130 Ohio St.3d 446, 2011-Ohio-6117, 958 N.E.2d 1235, paragraph three of the syllabus.

{¶11} In *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206—case law that existed at the time of the filing of the complaint in this case—the Ohio Supreme Court discussed the burden that applies to a public records custodian who contends that an exception applies, holding at paragraph two of the syllabus:

> Exceptions to disclosure under the Public Records Act, R.C. 149.43, are strictly construed against the public-records custodian, and the custodian has the burden to establish the applicability of an exception. A custodian does not meet this burden if it has not proven that the requested records fall squarely within the exception. (*State ex rel. Carr v. Akron*, 112 Ohio St.3d 351, 2006-Ohio-6714, 859 N.E.2d 948, ¶ 30, followed.)

{¶12} A claim that an exception to disclosure under the Public Records Act applies essentially is a defense—a stated reason why a requester is not entitled to a requested document. *See* R.C. 149.43(A)(1)(a)-(ff) (establishing what does not constitute a public record under R.C. 149.43); *see also Ohio Valley Radiology Assocs. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 122, 502 N.E.2d 599 (1986) ("the sole responsibility of a defendant who has effectively contested the claimant's allegations by pleading is to refute the claimant's case after the latter has established a prima facie case by proper evidence").

{¶13} As explained by the Ohio Supreme Court, in the "ordinary civil case the degree of proof, or the quality of persuasion as some text-writers characterize it, is a mere preponderance of the evidence." *Merrick v. Ditzler*, 91 Ohio St. 256, 260, 110 N.E. 493 (1915). And, generally speaking, in civil cases a party who asserts an affirmative defense is required to establish the defense by a preponderance of the evidence. *See, e.g., Cameron v. Univ. of Toledo*, 2018-Ohio-979, 98 N.E.3d 305, ¶ 18 (10th Dist.), discretionary appeal not allowed, 153 Ohio St.3d 1452, 2018-Ohio-3026, 103 N.E.3d 831.

{¶14} Based on the ordinary application of statutory law and case law, it therefore follows that under R.C. 2743.75 an allegedly aggrieved party is required to show an entitlement to relief by clear-and-convincing evidence, while under R.C. 2743.75 a party who claims that an exception applies is required to prove that the requested records fall squarely within the exception by a preponderance of the evidence.

{¶15} The special master's application of the standard of proof relative to DRC's claim of attorney-client privilege is erroneous because the special master applied a clear-and-convincing standard of proof, instead of applying a preponderance-of-the-evidence standard of proof relative to ODRC's claim of an exception to disclosure.

{¶16} In *State ex rel. Leslie v. Ohio Hous. Fin. Agency*, 105 Ohio St.3d 261, 2005-Ohio-1508, 824 N.E.2d 990, ¶ 21, the Ohio Supreme Court stated: "Under the

attorney-client privilege, '(1) [w]here legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived.' *Reed v. Baxter* (C.A.6, 1998), 134 F.3d 351, 355-356; *Perfection Corp. v. Travelers Cas. & Sur.*, 153 Ohio App.3d 28, 2003-Ohio-3358, 790 N.E.2d 817, ¶ 12. Except under circumstances not relevant here, only the client can waive the privilege. * * * ." * * *.

{¶17} In its objections, DRC asserts that "all communications and documents were between ODRC Attorneys and their clients, employees of ODRC, concerning the legal advice on drafting, timing and legal guidance of the proposed terms to the MOU [memorandum of understanding] between [requester] John White's company and ODRC. All such communications and documents were related to the terms of the MOU, for purposes of seeking legal advice in confidence or providing legal advice by a DRC Attorney. Thus, they are protected from disclosure by attorney-client privilege." (Memorandum, 6.)

{¶18} Based on the court's review of the disputed records, the court concludes that the records are protected by attorney-client privilege because the communications concern communications by DRC attorneys that facilitates the rendition of legal services, or advice. *See State ex rel. Toledo Blade Co. v. Toledo-Lucas Cty. Port Auth.*, 121 Ohio St.3d 537, 2009-Ohio-1767, 905 N.E.2d 1221, ¶ 27; *Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 875 (5th Cir.1991).

{¶19} The court finds well-taken DRC's contention that the special master's recommendation relative to attorney-client privilege should not be adopted.

**B.      Whether court costs are in the nature of a sanction.**

{¶20} In the R&R the special master stated: "While I find that requester's claim is meritorious, by prematurely filing this claim five business days after his transmission of

twenty-three separate public records requests, requester did not permit the public office a reasonable period of time to respond. * * * The court can sanction this conduct through assessment of court costs." (R&R, 9.)

**{¶21}** To the extent that the special master recommends assessing court costs as a "sanction," the court finds this recommendation is inconsistent with *Symons v. Eichelberger*, 110 Ohio St. 224, 144 N.E. 279 (1924). (Noting that costs are not to be considered a penalty.)

**{¶22}** To assess court costs as a sanction is incompatible with the reasoning contained in *Symons*. Nonetheless, the court finds that, as a matter of equity, that the circumstances of this case warrant the assessment of court costs against White, because, as the special master notes, White's claim "was filed prematurely, and the vast majority of requests were either withdrawn or satisfied within a reasonable period of time." (R&R, 9.)

## III. Conclusion

**{¶23}** For the foregoing reasons, the court concludes that DRC's objections should be sustained. The court also concludes that the special master's R&R should be adopted in part, rejected in part, and modified in part. The court further concludes that the special master's recommendation, as modified, should be adopted and that the special master's recommendation relative to White's claim for relief for partial production of withheld documents should not be adopted.

PATRICK M. MCGRATH
Judge

[Cite as *White v. Dept. of Rehab. & Corr.*, 2019-Ohio-472.]

| | |
|---|---|
| JOHN L. WHITE | Case No. 2018-00762PQ |
| Requester | Judge Patrick M. McGrath |
| v. | <u>JUDGMENT ENTRY</u> |
| DEPARTMENT OF REHABILITATION AND CORRECTION | |
| Respondent | |

**{¶24}** For reasons set forth in the decision filed concurrently herewith, the court sustains respondent Department of Rehabilitation and Correction's objections filed on December 12, 2018.  The court adopts in part, rejects in part, and modifies in part the special master's report and recommendation of November 26, 2018.  The court adopts, as modified, the special master's report and recommendation of November 26, 2018. Judgment is rendered in favor of respondent.  Court costs are assessed against requester.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK M. MCGRATH
Judge

**Filed January 10, 2019**
**Sent to S.C. Reporter 2/12/19**