[Cite as *Estate of Hohler v. Hohler*, 197 Ohio App.3d 237, 2011-Ohio-5469.]

STATE OF OHIO, CARROLL COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

|  |  |  |
|---|---|---|
| ESTATE OF HOHLER, | ) | CASE NO. 10 CA 870 |
|  | ) |  |
| APPELLANT, | ) |  |
|  | ) |  |
| v. | ) | OPINION |
|  | ) | September 26, 2011 |
|  | ) |  |
| HOHLER, | ) |  |
|  | ) |  |
| APPELLEE. | ) |  |

CHARACTER OF PROCEEDINGS:      Civil Appeal from Probate Court,

Case No. 081109.

JUDGMENT:

Affirmed in Part and

Reversed in Part.

JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Day Ketterer, Ltd.,
John Murphy Jr.,
Kathleen A. Stoneman, and
Kristen Moore, for appellant.

Gibbs & Associates and
Richard P. Gibbs; and
Layman D'Atri & Assoc., L.L.C., and
Brian Layman, for appellee.

DeGenaro, Judge.

{¶ 1} Plaintiff-appellant, the estate of Richard Hohler, appeals the June 13, 2010 judgment of the Carroll County Probate Court, following a remand from this court, which ruled in favor of defendant-appellee, Roxanne Keiffer Hohler, who is the surviving spouse. The trial court concluded that certain items in the decedent's client file are either not attorney work product or, if they do constitute work product, are subject to discovery pursuant to the good-cause exception to the work-product doctrine. On appeal, the estate argues that the trial court erred by failing to differentiate in its judgment entry between ordinary and opinion work product, in contravention of this court's directive in our earlier opinion. The estate also contends that the court's substantive determination regarding the discoverability of the documents in the file constitutes an abuse of discretion.

{¶ 2} The estate's arguments are meritorious in part. Although the trial court did not provide a detailed judgment entry, most of the court's determinations regarding the discoverability of the documents were proper and not an abuse of discretion. Although several of the documents contain attorney opinion work product, they are discoverable because Hohler has demonstrated good cause; they contain opinion that is directly at issue in this case, the need for the information is compelling, and the evidence cannot be obtained elsewhere. However, the trial court abused its discretion with regard to one of the documents, which contains ordinary fact work product that is not relevant to the issues in this case. Accordingly, the judgment of the trial court is affirmed in part and reversed in part.

**Facts and Procedural History**

{¶ 3} This is the second interlocutory appeal in this case, which involves a dispute between the estate and Hohler regarding the validity of a prenuptial agreement. That agreement was signed by the decedent and Hohler on June 25, 2007, and the two were married 13 days later. The agreement was prepared by the decedent's counsel, attorney Robert Roland of the Day Ketterer law firm. Hohler was represented by separate counsel.

{¶ 4} The decedent died on September 8, 2008. His son filed an application to

probate the decedent's will, which left nothing to Hohler. Hohler then filed an election to take against the will. A different attorney from Day Ketterer represented the estate.

{¶ 5} The estate filed a complaint for a declaratory judgment regarding the prenuptial agreement, and Hohler filed an action to void the prenuptial agreement on the grounds that there was not full disclosure of assets and that she believed the agreement dealt with divorce but not death. These actions were consolidated in the probate court.

{¶ 6} A discovery dispute ensued concerning the decedent's legal file. Hohler issued a subpoena to attorney Roland to testify as a witness and to bring all files related to the decedent. Hohler contended that she needed the documents to invalidate the prenuptial agreement. The estate filed a motion for a protective order and to quash the subpoena, arguing that the files relating to the decedent were protected by attorney-client privilege. The estate later added an argument that the files pertaining to preparation of the prenuptial agreement were protected by the work-product privilege, which belongs to the attorney.

{¶ 7} Hohler responded and filed a motion to compel. Hohler contended that she herself was waiving the decedent's attorney-client privilege pursuant to R.C. 2317.02(A) and argued that this statute contains no limits on the scope of the waiver. In response to the work-product argument, she urged that the prenuptial agreement was not prepared in anticipation of *imminent* litigation.

{¶ 8} On March 31, 2009, the trial court issued a judgment concluding that R.C. 2317.02(A) allows Hohler to waive the attorney-client privilege for her deceased spouse without limitation. The court did not discuss the estate's argument concerning work product. The court thus granted the motion to compel attorney Roland to testify and to bring all the decedent's files to his deposition.

{¶ 9} The estate appealed to this court, arguing, inter alia, that the trial court erred by ruling that Hohler could waive her deceased husband's attorney-client privilege and that the decedent's legal file pertaining to the preparation of a prenuptial agreement specifically anticipates litigation and constitutes privileged work product, which is a protected right belonging to the attorney.

**{¶ 10}** In *Estate of Hohler v. Hohler*, 185 Ohio App.3d 420, 2009-Ohio-7013, 924 N.E.2d 419, a majority of this court held as follows:

**{¶ 11}** "[T]he trial court was correct in finding that a court has no discretion to impose policy limitations on a surviving spouse's statutory waiver of the decedent's attorney-client privilege. Thus, the court is not to weigh whether there is a conflict between the interests of the surviving spouse and those of the decedent or his estate. Moreover, the surviving spouse's waiver is not statutorily limited to communications occurring during the period of marriage, and thus the court cannot impose such a limitation.

**{¶ 12}** "Nevertheless, work product is a separate doctrine applicable to some of the documents produced by counsel in this case. We hold that the proper test to determine whether documents were prepared in anticipation of litigation and thus protected work product is whether the nature of the documents shows that they were prepared because of the prospect of litigation. The documents prepared by counsel in drafting the prenuptial agreement in this case were made in anticipation of litigation, thus invoking work-product protection. There is a good-cause exception to work-product protection. However, because an in-camera review of the documents was not conducted, this issue cannot be fully resolved at this time, necessitating a remand." *Id.* at ¶ 2-3.

**{¶ 13}** On remand, the decedent's client file was filed under seal, and the trial court conducted an in camera inspection. In a judgment entry dated July 13, 2010, the trial court identified seven items contained in the file and determined that the first three items were not work product and were therefore subject to discovery and that the remaining four items, while perhaps work product, are nonetheless subject to discovery. The trial court ordered that the file would be available for review after June 19, 2010, at 1:00 p.m., which was presumably a typographical error, since that date had already passed at the time of the court's July 13, 2010 judgment entry.

**{¶ 14}** On July 19, 2010, the estate filed a timely notice of appeal with this court concerning the discovery ruling. The discovery of privileged matter is subject to immediate appeal. R.C. 2505.02 (A)(3). The same day, the estate filed a motion to

stay enforcement of the judgment pending appeal, which was not ruled upon by the trial court, and apparently Hohler was thus permitted to review the disputed file. The decedent's client file and the parties' briefs have been filed under seal with this court.

### Waiver, Sufficiency for Appellate Review, and Law of the Case

{¶ 15} The estate raises two related assignments of error on appeal, which will be discussed together:

{¶ 16} "The trial court erred when it ordered disclosure of ordinary work product without good cause."

{¶ 17} "The trial court erred when it ordered disclosure of opinion work product without good cause."

{¶ 18} There are several preliminary matters to discuss, the first of which is Hohler's contention that the estate did not properly raise the work-product-privilege issue below. Specifically she contends that because the work-product privilege belongs to the attorney, not the client, the actual attorney, Roland, was required to file a separate motion claiming the privilege. However, the estate correctly contends that any procedural argument regarding how the privilege was raised has been waived. "Appellate courts will not consider arguments that parties raise for the first time on appeal." *Litva v. Richmond*, 172 Ohio App.3d 349, 2007-Ohio-3499, 874 N.E.2d 1243, at ¶ 18. The work-product privilege was asserted in a motion with the trial court filed by another attorney from attorney Roland's firm in 2009. Hohler failed to argue that this motion was procedurally infirm, either in the trial court or during the first appeal.

{¶ 19} Second, the estate contends that the trial court's July 13, 2010 judgment entry was improper in that it (1) failed to give its reasoning for its rulings and (2) ignored a directive of this court, thereby violating the law-of-the-case doctrine. First, the trial court was not required to make specific findings or outline its reasoning in great detail. Although we cautioned the trial court to distinguish between ordinary and opinion work product, we did not specifically require the court to lay out those distinctions and analysis in its judgment entry. *Hohler,* 185 Ohio App.3d 420, 2009-Ohio-7013, 924 N.E.2d 419, at ¶ 56.

{¶ 20} A similar argument was raised and rejected by the Eighth District in

*Sutton v. Stevens Painton Corp.*, 193 Ohio App.3d 68, 2011-Ohio-841, 951 N.E.2d 91, where the law firm argued that the trial court had failed to provide any basis for ordering the disclosure of the documents in question. Rather, the trial court had simply determined that some of the documents were subject to disclosure, made redactions to some, and determined that others were not subject to disclosure. The appellate court concluded that this was adequate:

{¶ 21} "While Thompson Hine argues that 'specific determinations' should have been made by the trial court, it never requested further clarification from the trial court. Further, the court was not required by Civ.R. 52 to make findings of fact and conclusions of law concerning a decision on a discovery motion. See *Carstons v. Klatt*, Franklin App. No. 01AP-538, 2002-Ohio-2236, 2002 WL 926356, ¶ 19-20; *Sublett v. Sublett* (June 5, 1987), Wyandot App. No. 16-85-20, 1987 WL 12100. 'Absent evidence to the contrary, we presume that the lower court conducted the in-camera review and determined that the material contained in the records was relevant or necessary.' *Perfection Corp. v. Travelers Cas. & Sur.*, 153 Ohio App.3d 28, 2003-Ohio-2750, 790 N.E.2d 817, ¶ 14." *Sutton* at ¶ 10.

{¶ 22} The court in *Sutton* thus concluded that the record, including the documents filed under seal, provided it with an adequate basis to review the merits. *Id.* at ¶ 11. The record in this case likewise allows for meaningful review, and we will therefore address the merits.

{¶ 23} Second, the trial court did not violate the law-of-the-case doctrine. "The law of the case is a longstanding doctrine in Ohio jurisprudence. '[T]he doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.' *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3, 462 N.E.2d 410. * * * It is considered a rule of practice, not a binding rule of substantive law." *Hopkins v. Dyer*, 104 Ohio St.3d 461, 2004-Ohio-6769, 820 N.E.2d 329, at ¶ 15.

{¶ 24} Contrary to the estate's contentions, the trial court did not ignore a directive of this court or violate the law-of-the-case doctrine. This court did not state in its prior opinion that the entirety of the decedent's client file was work product. This

court having never reviewed the file during the prior appeal, it would not have been possible for this court to make such a determination. Rather, this court determined that those documents prepared by counsel in drafting the prenuptial agreement were prepared in anticipation of litigation and thus work product, which "is a separate doctrine applicable to *some of the documents* produced by counsel in this case." (Emphasis added.) *Hohler,* 185 Ohio App.3d 420, 2009-Ohio-7013, 924 N.E.2d 419, at ¶ 3. Accordingly, the trial court did not violate the law-of-the-case doctrine by determining that this document is not subject to the work-product privilege.

## Work Product

{¶ 25} Turning to the substance of the assignments of error, the estate argues that the trial court's decision regarding the discoverability of the documents in the file was erroneous.

{¶ 26} "Under Ohio law, it is well established that the trial court is vested with broad discretion when it comes to matters of discovery, and the 'standard of review for a trial court's discretion in a discovery matter is whether the court abused its discretion.' *Mauzy v. Kelly Services, Inc.* (1996), 75 Ohio St.3d 578, 664 N.E.2d 1272. Absent a clear abuse of that discretion, the lower court's decision should not be reversed. *Mobberly v. Hendricks* (1994), 98 Ohio App.3d 839, 845, 649 N.E.2d 1247. * * * For a party seeking to overturn the lower court's discovery ruling, the aggrieved party must present evidence that the lower court's actions were 'unreasonable, arbitrary, or unconscionable.' See *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140." *Perfection Corp v. Travelers Cas. & Sur.,* 153 Ohio App.3d 28, 2003-Ohio-2750, 790 N.E.2d 817, at ¶ 9.

{¶ 27} The work-product privilege is rooted in Civ.R. 26(B)(3), which states, "[A] party may obtain discovery of documents * * * and tangible things prepared in anticipation of litigation or for trial by or for another party or * * * that other party's representative * * * only upon a showing of good cause therefor."

{¶ 28} Through work-product jurisprudence, much of which descends from *Hickman v. Taylor* (1946), 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, a United States Supreme Court case involving the federal analogue to Civ.R. 26(B)(3), two distinct

categories of work product have been identified: ordinary fact work product and opinion work product.

{¶ 29} "Ordinary fact or 'unprivileged fact' work product, such as witness statements and underlying facts, receives lesser protection. Written or oral information transmitted to the attorney and recorded as conveyed may be compelled upon a showing of good cause by the subpoenaing party. 'Good cause,' as set forth in Civ.R. 26(B)(3), requires a showing of substantial need, that the information is important in the preparation of the party's case, and that there is an inability or difficulty in obtaining the information without undue hardship.

{¶ 30} "The other type of work product is 'opinion work product,' which reflects the attorney's mental impressions, opinions, conclusions, judgments, or legal theories. Because opinion work product concerns the mental processes of the attorney, not discoverable fact, opinion work product receives near absolute protection. Notes made by the attorney or his agents that record the witness's statement, but that also convey the impressions of the interviewer, are protected as opinion work product, because such notes reveal the attorney's or agent's thoughts." (Citations omitted.) *State v. Hoop* (1999), 134 Ohio App.3d 627, 642, 731 N.E.2d 1177. See, also, *State v. Today's Bookstore, Inc.* (1993), 86 Ohio App.3d 810, 621 N.E.2d 1283; *Jackson v. Greger*, 160 Ohio App.3d 258, 2005-Ohio-1588, 826 N.E.2d 900, aff'd, 110 Ohio St.3d 488, 2006-Ohio-4968, 854 N.E.2d 487.

{¶ 31} Although many appellate court decisions, including this court's decision in the prior appeal of this case, repeat the conclusion that opinion work product receives *near absolute* privilege, these opinions rarely expound upon the meaning of "near absolute." Some courts have explained that it "is available to an opposing party only upon an exceptional showing of need, in rare and extraordinary circumstances, or when necessary to demonstrate that a lawyer or party has engaged in illegal conduct or fraud." *Jerome v. A-Best Prod. Co.*, (Apr. 8, 2002) 8th Dist. Nos. 79139, 79140, 79141, 79142, 2002 WL 664027, at ¶ 20 (citing cases).

{¶ 32} More recently, the Ohio Supreme Court squarely addressed the standard for disclosure of opinion work product in syllabus law:

{¶ 33} "Attorney work product, *including but not limited to mental impressions, theories, and legal conclusions,* may be discovered upon a showing of good cause if it is directly at issue in the case, the need for the information is compelling, and the evidence cannot be obtained elsewhere." *Squire, Sanders & Dempsey, L.L.P. v. Givaudan Flavors Corp.*, 127 Ohio St.3d 161, 2010-Ohio-4469, 937 N.E.2d 533, at paragraph two of the syllabus.

{¶ 34} With these standards in mind, the seven items in the file will be analyzed in turn. With regard to items one, two, and three, there is no dispute on appeal that these documents are not protected under the work-product doctrine.

{¶ 35} With regard to the fourth item, attorney Roland's phone log indicating that a copy of the prenuptial agreement should be provided to attorney Sparks, the trial court concluded that "it does not contain any privileged communication. It is not work product but is merely a directive to an employee to make a photocopy of an already provided document, it is discoverable." This determination does not constitute an abuse of discretion. The phone log is not "a document prepared by counsel in drafting the prenuptial agreement" and thus does not fall under the work-product privilege. It does not disclose any attorney opinion, nor does it include any facts about the case.

{¶ 36} The sixth item is attorney Roland's handwritten note dated April 12, 2007, which the trial court concluded is "not work product or if work product [is] subject to discovery." This is a combination of ordinary fact and opinion work product. It records the fact that the decedent did not want to disclose his assets, which would be discoverable ordinary fact work product. See *Hoop*, 134 Ohio App.3d at 642, 731 N.E.2d 1177. The document goes on to state the attorney's opinion that the prenuptial agreement would likely not be enforceable absent full disclosure and indicates the decedent's desire to avoid disclosure regardless. Although this opinion work product receives heightened protection, the trial court properly ordered its disclosure. The facts that the attorney had serious concerns about enforceability absent a full disclosure of assets, that he told the decedent about this, and that the decedent nonetheless chose not to disclose his assets to his fiancée, are directly at issue in this litigation. And because he is deceased, there is nowhere else to get this information.

**{¶ 37}** This is precisely the example this court gave in the prior appeal, of a document that could be subject to disclosure under the good-cause exception. Specifically, this court stated: "[I]f the attorney has some communication concerning, for instance, the client's wish to avoid disclosing his net worth to his fiancée, then there may be good cause for disclosure of this type of work product." *Hohler*, 185 Ohio App.3d 420, 2009-Ohio-7013, 924 N.E.2d 419, at ¶ 54. In sum, although this document contains attorney opinion work product, it is discoverable under the *Squire, Sanders* test. Hohler has demonstrated good cause; the document contains opinion that is directly at issue in this case, specifically, whether the decedent knowingly decided to not make a full disclosure of his assets in the prenuptial agreement despite being advised that full disclosure is required. Further, the need for the information is compelling, and the evidence cannot be obtained elsewhere.

**{¶ 38}** The fifth item in the file is a May 10, 2007 fax confirmation report of a draft of the prenuptial agreement with a cover letter from attorney Roland to the decedent and the draft itself, which the trial court also found to be "subject to discovery." This document relates to the same subject matter as the sixth item, which is the attorney's handwritten note. The fifth item is a letter to the decedent that memorializes in writing attorney Roland's opinion about enforceability of the prenuptial agreement that was conveyed to the decedent verbally, as memorialized in his phone notes that are the sixth item. Again, because he is deceased, this information cannot be obtained elsewhere. The fifth is a mix of non-work-product, regarding the fact of transmission, fact work product, the changes made to the prenuptial agreement that were contained in the final draft the parties signed, and pure opinion work product, regarding decedent's informed decision not to disclose all his assets. For the same reasons stated above, the trial court did not abuse its discretion in permitting discovery of this document.

**{¶ 39}** Finally, we turn to the seventh item, which is a handwritten note by attorney Roland dated May 29, 2007, which the trial court concluded is "not work product or if work product [is] subject to discovery." This document constitutes ordinary fact work product. It does not contain any of the attorney's opinions, mental

processes, or theories; rather, it contains information from the client that was transmitted to the attorney and recorded as conveyed. The trial court abused its discretion by permitting discovery of this document. The contents of the document relate to the decedent's wishes regarding the spousal-support provision in the prenuptial agreement. In contrast to items five and six, this document is not relevant to the issues in this litigation, and Hohler has not proven good cause for its disclosure. As this court explained in its prior opinion, one of Hohler's justifications for disclosure of the file was that it would lead to evidence to prove that she was not provided with a full disclosure of the decedent's assets. *Hohler,* 185 Ohio App.3d 420, 2009-Ohio-7013, 924 N.E.2d 419, at ¶ 53-54. This document does not relate to that goal, and therefore the court erroneously permitted its disclosure. Thus, the trial court abused its discretion by permitting discovery of this document.

{¶ 40} In sum, most of the trial court's determinations regarding the discoverability of the documents were proper and not an abuse of discretion. Although several of the documents contain attorney opinion work product, they are discoverable because Hohler has demonstrated good cause. The documents contain opinion that is directly at issue in this case, the need for the information is compelling, and the evidence cannot be obtained elsewhere. However, the trial court abused its discretion with regard to one of the documents, which contains ordinary work product that is not relevant to the issues in this case. Accordingly, the judgment of the trial court is affirmed in part and reversed in part, and the documents are to be turned over to Hohler consistent with this opinion.

Judgment affirmed in part
and reversed in part,
and cause remanded.

DONOFRIO and VUKOVICH, JJ., concur.