[Cite as *Blackstone v. Moore*, 2017-Ohio-8159.]

STATE OF OHIO, MONROE COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| DAVID M. BLACKSTONE, et al. | ) | CASE NO. 14 MO 0001 |
| | ) | |
| PLAINTIFFS-APPELLEES | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| SUSAN E. MOORE, et al. | ) | |
| | ) | |
| DEFENDANTS-APPELLANTS | ) | |

CHARACTER OF PROCEEDINGS:     Appellees' Application for
                              Reconsideration


JUDGMENT:                     Application Denied.

APPEARANCES:
For David & Nicolyn Blackstone:     Atty. Daniel P. Corcoran
                                    Atty. Kristopher O. Justice
                                    Theisen Brock, L.P.A.
                                    424 Second Street
                                    Marietta, Ohio  45750


For Susan Moore, Carolyn Kohler,    Atty. Mark W. Stubbins
Rebecca Englehart and Charles Yontz: Stubbins, Watson & Bryan Co., LPA
                                    59 North Fourth Street
                                    P.O. Box 0488
                                    Zanesville, Ohio  43702-0488


For J.K. Larrick and Ila Carpenter:  Atty. Stephanie Mitchell
                                     Tribbie, Scott, Plummer & Padden
                                     139 West Eighth Street
                                     P.O. Box 640
                                     Cambridge, Ohio  43725


JUDGES:
Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Carol Ann Robb

                                    Dated:  October 5, 2017

PER CURIAM.

{¶1} Appellees David M. and Nicolyn Blackstone ("the Blackstones") seek reconsideration of our decision in *Blackstone v. Moore,* 7th Dist. No. 14 MO 0001, 2017-Ohio-5704, -- N.E.3d --. The Blackstones argue that the interests of Susan Moore, Rebecca Englehart, Carolyn Kohler, and Charles Franklin Yontz ("Appellants") have been extinguished by the Marketable Title Act ("MTA"), because the reference that reserved their interest in subsequent deeds was not sufficiently specific pursuant to R.C. 5301.49(A). For the following reasons, the Blackstones' request for reconsideration is denied.

{¶2} In the underlying appeal, this Court was charged with determining several issues related to both the Dormant Mineral Act ("DMA") and MTA. Relevant to this motion, Appellants successfully argued on appeal that the Blackstone deed contained a specific reservation of mineral rights. Consequently, we found that their interests were not extinguished by the MTA.

{¶3} On April 3, 2015, Nick and Flora Kuhn reserved a royalty interest to certain minerals through the following language: "Except Nick and Flora Kuhn, their heirs and assigns reserve one half interest in oil and gas royalty in the above described Sixty (60) acres." Blackstone at ¶ 2. This deed was recorded on April 10, 1915. On July 30, 1969, the property was conveyed to David Blackstone. In 1978 or 1979, Blackstone entered into negotiation with the Kuhn heirs to purchase the royalty interest. The negotiations failed. On January 8, 2001, Blackstone's deed was transferred into a joint and survivorship deed with his wife, Nicolyn Blackstone. *Id.* at ¶ 3.

**{¶4}** On May 9, 2012, the Blackstones recorded an affidavit of intent to declare the mineral interests abandoned. *Id.* at ¶ 4. On June 4, 2012, they filed a complaint against Appellants (who are Kuhn heirs) and several other persons who are not parties to this appeal. On July 6, 2012, Appellants filed a claim to preserve their interests. Both parties filed respective motions for summary judgment based on the DMA and the MTA. The trial court found that Appellants had abandoned their interests pursuant to both the 1989 DMA and MTA, and granted the Blackstones' motion for summary judgment.

**{¶5}** On appeal, we reversed the trial court's decision. We determined that Appellants had preserved their interests pursuant to the 2006 DMA and the MTA. In their motion for reconsideration, the Blackstones solely contest our holding as it applies to the MTA.

> The test generally applied upon the filing of a motion for reconsideration
> in the court of appeals is whether the motion calls to the attention of the
> court an obvious error in its decision, or raises an issue for
> consideration that was either not considered at all or was not fully
> considered by the court when it should have been.

*Columbus v. Hodge,* 37 Ohio App.3d 68, 523 N.E.2d 515 (10th Dist.1987), paragraph one of the syllabus.

**{¶6}** "Reconsideration motions are rarely considered when the movant simply disagrees with the logic used and conclusions reached by an appellate court." *State v. Himes*, 7th Dist. No. 08 MA 146, 2010-Ohio-332, ¶ 4, citing *Victory White*

*Metal Co. v. Motel Syst.*, 7th Dist. No. 04 MA 245, 2005-Ohio-3828; *Hampton v. Ahmed*, 7th Dist. No. 02 BE 66, 2005-Ohio-1766.

{¶7} The Blackstones first argue that our holding contradicts the purpose of the MTA, which is to simplify the title search process. The Blackstones provide a lengthy discussion of how the title process works in Monroe County, although they admit that the process varies by county. The Blackstones argue that our decision will cause the title process to become more cumbersome, not less, and so they contend that we did not fully consider the impact of our decision. However, as the Blackstones concede, this argument was not raised in the parties' respective briefs, thus is not appropriate in their motion to reconsider. The Blackstones additionally state that this Court has misinterpreted the stated purpose of the MTA and the DMA. As these were intended to simplify the process of determining mineral rights, they again contend that our decision does not result in such simplification.

{¶8} The Blackstones argue that the Kuhn deed is outside the chain of title. The Blackstones assert that the Kuhns' interest predates the root of their title deed, and would not be easily found within the Blackstones' chain of title. Without a volume and page number of the Kuhn deed, the Blackstones believe that the Kuhn deed would be almost impossible to find.

{¶9} It is clear from this record that the Kuhn reservation was recited in every deed within the Blackstones' chain of title. It is also clear that the Blackstones knew of the Kuhns' interest in 1978/1979, because David Blackstone entered into negotiations with Appellants in a failed attempt to purchase their royalty interest. The Blackstones also admitted that they were able to locate and obtain a copy of the

Kuhn deed before they filed their complaint in this matter. As such, it is disingenuous for the Blackstones to now argue that the language in their deed notifying them of Appellants' mineral interests was insufficiently specific. Regardless, R.C. 5301.49(A) does not require reference to such reservations to include the volume and page number of the reserving deed. If the legislature had intended to create such a stringent requirement, it would have done so. For example, the legislature has found it necessary to specifically require a deed to include the volume and page number to comply with several sections of R.C. 5301.56, the 2006 DMA. Similar language is absent from R.C. 5301.49(A).

{¶10} The Blackstones contend that this Court committed an obvious error when we relied on *Toth v. Berks Title Ins. Co.,* 6 Ohio St.3d 338, 453 N.E.2d 639 (1983) in our Opinion. They point out that the appellate court in *Toth* had the language of the reference to mineral rights before the court when issuing their decision, and that this language included the reference to a volume and page number of a plat book. *Toth v. Berks Title Ins. Co.,* 9th Dist. No. 10488, 1982 WL 2693 (Aug. 4, 1982). In fact, the Blackstones were able to locate a copy of that deed and attached it to their appellate brief. While in its opinion the Ninth District does recite the language of the reference, the court did not hold that a subsequent deed must always include the volume and page number of the reserving deed in order for a reference in that subsequent deed to be considered specific. In fact, the appellate court held that the reference in the *Toth* deed was not sufficiently specific because it referred to a plat book, not a deed. Importantly, neither of these references was considered by the Ohio Supreme Court when it undertook review of the matter. The

Supreme Court never once referred to volume and page number within its opinion, either of a deed recording or a plat book, and so it appears that recitation of the volume and page number contained within the *Toth* deed and discussed by the trial court and the Ninth District Court had absolutely no impact on the decision of the Supreme Court. The Court clearly did not rule that a reference to a reservation of mineral rights in a later deed must include the volume and page number of the original deed in order to comply with statute.

{¶11} The Blackstones also take issue with our discussion of *Landefeld v. Keyes,* 7th Dist. No. 548, 1982 WL 6146 (June 17, 1982); *Patton v. Poston*, 4th Dist. No. 1141, 1983 WL 3171 (Apr. 25, 1983); and *Pinkney v. Southwick Investments, L.L.C.,* 8th Dist. Nos. 85074, 85075, 2005-Ohio-4167. The Blackstones contend that these cases were not raised by the parties, thus it was inappropriate for us to consider these cases. However, an appellate court is expected to conduct its own independent research and is not limited to consideration of only those cases cited by the parties. Contrary to the Blackstones' argument, the fact that *Landefeld, Patton,* and *Pinkney* were not addressed by the parties does not provide independent grounds for reconsideration. The standard, instead, is whether the court fully considered an issue brought to us on appeal.

{¶12} In addition, the Blackstones argue that our holding conflicts with *Landefeld, Patton,* and *Pinkney*. *Landefeld* is a Seventh District case. With respect to *Landefeld*, this case was improperly cited in *Duvall v. Hibbs*, 5th Dist. No. CA-709, 1983 WL 6483 (June 8, 1983) for the principle that in order for a deed reference to be sufficiently specific pursuant to statute, a party must be able to find the reserving

deed without using the indexes. *Duvall* erred in its reliance on *Landefeld* as this issue was never addressed by us in *Landefeld*. As noted in our Opinion, here, while the *Landefeld* panel called the reference "specific," the Court actually was "not called on to reach the issue of whether this reference complied with R.C. 5301.49(A)[.]" *Blackstone* at ¶ 34.

{¶13} In contrast, the Fourth District in *Patton* was charged with determining whether a reference was specific or general pursuant to R.C. 5301.49(A). In *Patton*, the court did not utilize the *Duvall* bright-line rule. Instead, the *Patton* court relied on several factors in interpreting the statute, including: (1) the type of mineral right created, (2) the nature of the encumbrance, (3) the original owner of the interest, and (4) a reference to the instrument creating the interest. *Id.* at *5. We relied on these *Patton* factors in this case in order to determine that the reference to reservation of mineral rights in the Blackstones' deed was sufficiently specific per statute. The *Pinkney* court also utilized these factors.

{¶14} While in *Patton* and *Pinkney* the references were found to be too general to pass statutory constraints, these references lacked the detail found in the instant case. Relevant to the Blackstones current contention, neither the *Patton* nor *Pinkney* courts based their holdings on the lack of a date or volume and page number of the original deed. Rather, these courts found that the references in the subsequent deeds to the original did not satisfy the four factors. In the instant matter, Appellants' reference does satisfy all four factors. While the Blackstones also take issue with our finding that the encumbrance in this matter involved a lease, and their interest regards royalties, the nature of this underlying encumbrance is a lease. We

note that a royalty interest and a lease are intertwined, and that one has no value without the other.

{¶15} In order to prevail on a motion for reconsideration, the Blackstones are required to demonstrate an obvious error in our decision or raise an issue that was either not fully considered or not considered at all. The Blackstones raise neither. Mere disagreement with this Court's logic and conclusions and discontent that the Court considered relevant cases not raised by the parties does not support a motion for reconsideration. Accordingly, the Blackstones' application for reconsideration is denied.

Waite, J., concurs.

Donofrio, J., concurs.

Robb, P.J., concurs.