[Cite as *U.S. Bank, N.A. v. Smith*, 2018-Ohio-3770.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

U.S. BANK, NATIONAL ASSOCIATION,

Plaintiff-Appellee,

v.

RONALD J. SMITH, et al.,

Defendants-Appellants.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 17 MA 0093**

---

Motion for Reconsideration

**BEFORE:**
Cheryl L. Waite, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Overruled.

---

*Atty. David A. Wallace* and
*Atty. Karen M. Cadieux*, Carpenter, Lipps & Leland LLP, 280 Plaza, Suite 1300, 280 North High Street, Columbus, Ohio 43215
*Atty. Matthew J. Richardson*, Manley, Deas, Kochalski LLC, P.O. Box 165028, Columbus, Ohio 43216-5028, for Plaintiff-Appellee

*Ronald J. and Nancy L. Smith*, Pro se Appellants, 1625 Gully Top Lane, Canfield, Ohio 44406.


Dated: September 13, 2018


**PER CURIAM.**

**{¶1}** On July 6, 2018, *Pro se* Defendants-Appellants Ronald J. and Nancy L. Smith filed an application for reconsideration of our June 21, 2018 decision in *U.S. Bank, National Association v. Smith*, 7th Dist. No. 17 MA 0093, 2018-Ohio-2489 ("*Smith III*"). Plaintiff-Appellee, U.S. Bank, N.A. filed an opposition brief to the application for reconsideration on July 13, 2018. Appellants' reply was filed on July 20, 2018.

**{¶2}** In *Smith III*, we affirmed two decisions of the Mahoning County Court of Common Pleas: a May 10, 2017 judgment entry, summarily overruling Appellants' motion to vacate summary judgment based on fraud as to a decree in foreclosure ("foreclosure order") which had been entered January 12, 2007 ("Civ.R. 60(B)(5) entry"); and an April 19, 2017 judgment entry, which summarily overruled Appellants' motion to vacate the foreclosure order because it was allegedly a dormant judgment as that term is defined by Ohio law. ("Dormant judgment entry.")

**{¶3}** App.R. 26, which provides for the filing of an application for reconsideration in this Court, includes no guidelines to be used in the determination of whether a decision is to be reconsidered. *Deutsche Bank Natl. Trust Co. v. Knox*, 7th Dist. No. 09-BE-4, 2011-Ohio-421, ¶ 2, citing *Matthews v. Matthews*, 5 Ohio App.3d 140, 143, 450 N.E.2d 278 (10th Dist.1981). The test generally applied is whether the motion for reconsideration calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not considered or not fully considered in the appeal. *Id.*

**{¶4}** An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court. *Duetsche Bank* at ¶ 2, citing *State v. Owens*, 112 Ohio App.3d 334,

336, 678 N.E.2d 956 (11th Dist.1996). Rather, App.R. 26 provides a mechanism to prevent the possible miscarriage of justice that may arise where an appellate court makes an obvious error or renders an unsupportable decision under the law. *Id.*

{¶5}  In their opening statement, and consistently throughout their application, Appellants contend that we violated our own precedent in their case because they contend the decision was based on arguments raised by U.S. Bank for the first time on appeal. This assertion is directed to our analysis of the dormant judgment entry, as U.S. Bank did not file an opposition brief prior to the trial court's dismissal of Appellants' Civ.R. 60(B)(5) motion.

{¶6}  Appellants are nominally correct. Typically, we do not consider arguments raised for the first time on appeal, *Estate of Hohler v. Hohler*, 7th Dist. No. 10 CA 870, 197 Ohio App.3d 237, 2011-Ohio-5469, 967 N.E.2d 219, ¶ 18, citing *Litva v. Richmond*, 172 Ohio App.3d 349, 2007-Ohio-3499, 874 N.E.2d 1243, at ¶ 18. However, we do conduct a thorough analysis of all caselaw that may be relevant on appeal, whether or not it was cited in a parties' brief. For instance, in *Blackstone v. Moore*, 7th Dist. No. 14 MO 0001, 2017-Ohio-8159, the Blackstones argued in their motion for reconsideration that our reliance on cases not cited in the briefs was inappropriate. We explained that "an appellate court is expected to conduct its own independent research and is not limited to consideration of only those cases cited by the parties." *Id.* at ¶ 11. This is true even if the cases are cited for the first time on appeal. Accordingly, there was no procedural error in our underlying decision when we conducted our own research and relied on cases that were not cited in the trial court.

{¶7}  Ironically, in their reconsideration motion, Appellants actually do raise a new legal argument for the first time. Appellants argue that their case is analogous to

*F.D.I.C. v. Graham*, 2011 WL 1429218 (S.D.Ohio 2011). In that federal case, the Southern District of Ohio held that the terms of the parties' pooling and servicing agreement vested the servicer, rather than the trustee, with the power to bring the foreclosure action. Hence, the *Graham* Court concluded that the trustee was not the real party in interest. Importantly, the Southern District of Ohio distinguished the particular facts in *Graham* from the typical foreclosure action, explaining that "the Servicer's substantive right to bring the foreclosure action has been created by a contract governed by basic contract law and not by Ohio foreclosure law." *Id.* at *5.

{¶8} The specific terms of the pooling and servicing agreement in this case, which Appellants have failed to identify in the record, were neither raised nor addressed below. This argument is raised by them for the first time in the court of appeals in this reconsideration request. Consequently, it could not have been properly raised or considered in the trial court or in their underlying appeal and is not properly before this Court now.

{¶9} We underscore, nonetheless, that as Appellants conceded in their Civ.R. 60(B) motion and as we explained in *LaSalle Bank Natl. Assn. v. Smith*, 7th Dist. No. 13 MA 148, 2015-Ohio-5597, ¶ 1, they are procedurally barred from asserting LaSalle Bank, N.A.'s ("LaSalle") lack of standing in a collateral action. In *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, the Ohio Supreme Court held that a party's lack of standing can be challenged in the course of the foreclosure proceedings themselves [*e.g. Graham, supra.*] or on a direct appeal of that judgment, but that *res judicata* bars a party from raising an issue regarding lack of standing in a collateral attack on a final judgment in foreclosure. *Kuchta* at paragraph two of the syllabus, ¶ 8, 23-25.

**{¶10}** Further, while "standing is required in order to invoke the jurisdiction of the court over a particular action in foreclosure, lack of standing does not affect the subject-matter jurisdiction of a court of common pleas." *Kuchta* at ¶ 25. "[A] court of common pleas that has subject-matter jurisdiction over an action does not lose that jurisdiction merely because a party to the action lacks standing." *Id.* at ¶ 17. Appellants did not file a direct appeal from the foreclosure order and they may not collaterally attack the foreclosure order on the basis of LaSalle's standing. As a consequence, their reliance on *Graham, supra.*, is unwarranted.

**{¶11}** Turning to the other issues raised in the application for reconsideration, Appellants' Civ.R. 60(B) motion was based solely on the allegation that U.S. Bank perpetrated a fraud on the court when it misrepresented itself as the real party in interest in this case. As previously stated, Appellants actually conceded in their motion to vacate that they were foreclosed from challenging the standing of the original plaintiff pursuant to *Kuchta*, *supra*. (4/26/17 Motion, p. 12.)

**{¶12}** Appellants contend that we erred in concluding that U.S. Bank has never represented itself as the real party in interest, but instead, has merely presented as a trustee acting on behalf of the trust. Appellants argue that there is no "evidentiary-quality material" in the record to support our conclusion.

**{¶13}** First, Appellants challenge our reliance on correspondence that they themselves attached to their Civ.R. 60(B) motion. The correspondence plainly reveals that U.S. Bank did not misrepresent their role in these legal proceedings. In fact, later in the motion for reconsideration, Appellants concede that U.S. Bank's role in this case is as the trustee. Despite their admission in the motion to vacate that they cannot collaterally attack the foreclosure order based on standing, Appellants state that the

"real party in interest" has never been determined in this case, based on *Graham, supra.*

**{¶14}** The only issue that was properly before us on appeal of the dismissal of their 60(B) action was the allegation of fraud asserted against U.S. Bank. Because Appellants did not identify any evidence in the record demonstrating that U.S. Bank misrepresented its status in this case, their application for reconsideration of our decision regarding the Civ.R. 60(B)(5) dismissal has no basis.

**{¶15}** With respect to our determination of the trial court's decision regarding the dormant judgment entry, Appellants contend that we have misinterpreted the statute and caselaw applicable to dormant judgments cited in our Opinion. In particular, Appellants disagree with our reliance on *Moore v. Ogden*, 35 Ohio St. 430 (1880). Appellants attempt to distinguish the facts in *Moore,* because while a foreclosure decree existed in that case, it appeared that the order of sale had not yet been entered. Appellants argue that "[t]here is nothing in the record to suggest there had ever been an 'order of sale', nor a judgment explicitly issued by the Court to direct the Sheriff to sell the property since Mr. Ogden was requesting the Court to issue both execution tools for the first time." (7/6/18 Motion for Reconsideration, p. 16.) Hence, Appellants argue that the matter was still in its preliminary stages when the request to declare it dormant was attempted.

**{¶16}** However, the Supreme Court in *Moore* did not base its holding on the specific pleading before the court, but, instead, on the general nature of a foreclosure action. The Court opined that "[t]he judgment or decree did not become dormant, though five years elapsed without issuing an order of sale. As between the parties the case was still pending." *Id.* at 432, citing *Beaumont v. Renick*, 24 Ohio St. 445 (1873).

This rationale applies with equal force here. It makes no difference that Appellants' foreclosure has reached a more advanced stage. Until a final order is reached in the matter it is still an open, pending action.

{¶17} Appellants also argue that we erred in concluding that the filing of an alias praecipe initiates "a proceeding in aid of execution." R.C. 2329.07. While Appellants very clearly disagree with our logic and conclusions, again, an application for reconsideration cannot be based simply on disagreement with our logic and conclusions. *Duetsche Bank* at ¶ 2, citing *State v. Owens*, 112 Ohio App.3d 334, 336, 678 N.E.2d 956 (11th Dist.1996).

{¶18} Appellants rely on hyperbole ("appalling and frightening," "extremely dangerous," "horrible") and an argument based on *Graham, supra*, that is procedurally barred on collateral review, by Appellants' own admission. This application neither reveals an error in our underlying Opinion nor raises an argument that was not fully considered. Accordingly, Appellants' application is overruled.

**JUDGE CHERYL L. WAITE**

**JUDGE GENE DONOFRIO**

**JUDGE CAROL ANN ROBB**

<u>**NOTICE TO COUNSEL**</u>

**This document constitutes a final judgment entry.**

Case No. 17 MA 0093