[Cite as *U.S. Bank Natl. Assn. v. Smith*, 2023-Ohio-4715.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

U.S. BANK NATIONAL ASSOCIATION,

Plaintiff-Appellee,

v.

RONALD J. SMITH ET AL.,

Defendants-Appellants.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 22 MA 0111

---

Application for Reconsideration

**BEFORE:**
David A. D'Apolito, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Overruled.

---

*Atty. David A. Wallace* and *Atty. Karen M. Cadieux,* Carpenter Lipps & Leland LLP, for Plaintiff-Appellee U.S. Bank National Association as Trustee (No Response Filed) and

Ronald J. Smith and Nancy L. Smith, Defendants-Appellants.

Dated: December 26, 2023

**PER CURIAM.**

**{¶1}** This matter is before us on an application filed on December 20, 2023 by Appellants, Ronald J. Smith and Nancy L. Smith, acting pro se, to reconsider our December 11, 2023 decision overruling: (1) Appellants' second application for reconsideration of our previous decision overruling their original application to reconsider our merits decision filed pursuant to App.R. 26(A)(1); (2) their application for reconsideration of our decision overruling their motion to certify conflicts filed pursuant to App.R. 26(A)(1); and (3) their application for en banc review filed pursuant to App.R. 26(A)(2).

**{¶2}** We explained in our December 11, 2023 opinion and judgment entry that App.R. 26(A) does not provide for second or successive reconsiderations of our final judgment in an appeal. *State v. Wellington*, 7th Dist. Mahoning No. 14 MA 115, 2015-Ohio-2754, ¶ 6; *State v. Dew*, 7th Dist. Mahoning No. 08 MA 62, 2014-Ohio-4042, ¶ 6; *State v. Davis*, 7th Dist. Mahoning No. 10 MA 160 (Jan. 12, 2012 J.E.). Despite the foregoing pronouncement, Appellants seek reconsideration for the second time with respect to their motion to certify conflict and for the third time with respect to our merits decision.

**{¶3}** The only matter that has not been the subject of a previous application for reconsideration in this current appeal is Appellants' application for en banc review, which we concluded was untimely. Appellants argue that the application was not untimely insofar as they sought en banc review of our opinion on the original motion for reconsideration of our merits decision as opposed to the merits decision itself. Specifically, Appellants argue they requested en banc review of our decision on September 22, 2023 "that denied their first motion for reconsideration, specifically, that issues cannot be raised for the first time on appeal." (12/20/23 App., p. 7.)

**{¶4}** In fact, the argument advanced in the application to certify conflict was the subject of a motion for reconsideration filed in 2018 in a previous appeal of this case. We wrote:

Case No. 22 MA 0111

In their opening statement, and consistently throughout their application, Appellants contend that we violated our own precedent in their case because they contend the decision was based on arguments raised by U.S. Bank for the first time on appeal. This assertion is directed to our analysis of the dormant judgment entry, as U.S. Bank did not file an opposition brief prior to the trial court's dismissal of Appellants' Civ.R. 60(B)(5) motion.

Appellants are nominally correct. Typically, we do not consider arguments raised for the first time on appeal, *Estate of Hohler v. Hohler*, 7th Dist. No. 10 CA 870, 197 Ohio App.3d 237, 2011-Ohio-5469, 967 N.E.2d 219, ¶ 18, citing *Litva v. Richmond*, 172 Ohio App.3d 349, 2007-Ohio-3499, 874 N.E.2d 1243, at ¶ 18. However, we do conduct a thorough analysis of all caselaw that may be relevant on appeal, whether or not it was cited in a parties' brief. For instance, in *Blackstone v. Moore*, 7th Dist. No. 14 MO 0001, 2017-Ohio-8159, the Blackstones argued in their motion for reconsideration that our reliance on cases not cited in the briefs was inappropriate. We explained that "an appellate court is expected to conduct its own independent research and is not limited to consideration of only those cases cited by the parties." *Id.* at ¶ 11. This is true even if the cases are cited for the first time on appeal. Accordingly, there was no procedural error in our underlying decision when we conducted our own research and relied on cases that were not cited in the trial court.

*U.S. Bank, Natl. Assn. v. Smith*, 7th Dist. Mahoning No. 17 MA 0093, 2018-Ohio-3770, ¶ 5-6.

**{¶5}** Insofar as Appellants have exhausted their rights pursuant to App.R. 26(A), Appellants' application is overruled.

Case No. 22 MA 0111

**JUDGE DAVID A. D'APOLITO**

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**